### BAER *v.* CHRISTIAN.

1. Though a plea of payment specify no time of payment, a demurrer thereto should point out the defect.

(*a*) There was no evidence to sustain the plea.

2. General demurrer to a plea of which some parts are sufficient, should be overruled.

(*a*) The only good part of the plea was not sustained by evidence.

(*b*) A judgment creditor's agreement, for no consideration, to attend the sale of his debtor's property under the execution and make it bring the amount of the indebtedness, was *nudum pactum*, the debtor not being injured by the failure to do so.

3. The verdict was contrary to the evidence.

May 24, 1889.

Practice. Pleadings. Demurrer. Evidence. Payment. Contracts. Debtor and creditor. Verdict. Before Judge HARRIS. City court of Macon. December term, 1888.

Reported in the decision.

HARDEMAN & DAVIS, for plaintiff.

DESSAU & BARTLETT, for defendant.

SIMMONS, Justice.

Baer sued Christian on four promissory notes. Christian pleaded (1) the general issue; and (2) that "before the commencement of the suit, he had fully paid off and discharged each of said notes in money, according to their tenor and effect." He amended his plea and alleged, in substance, as follows: that he gave the plaintiff two mortgages to secure the note sued on, on certain personal and real estate; that in 1884, when he foreclosed the mortgages and had the real estate levied on and advertised for sale, such realty was of the value of $1,250; that before the day of sale, when the

defendant was making and could make arrangements to have the property bring its value, or to pay said debt, the plaintiff agreed with defendant that he would attend said sale and buy the property in at an amount sufficient to pay off the said balance due, and would take, *and did then and there acccept the same for the balance due upon the said debt;* that he would buy in said property for the full amount due on said notes and would cancel said debt and mortgages, and that the defendant need not attend said sale; that relying on this promise of the plaintiff, the defendant did not attend the sale nor continue his effort to make any further arrangement; that the plaintiff wholly failed to carry out said agreement, but after he had made it, and knowing that the defendant would not be present at the sale, bought in the property for $643.66, which was not its full value nor the full amount of said debt; and after Baer had thus fraudulently got possession of said property, he declined to carry out his promise to accept the property in full payment of said debt, but now seeks to hold the defendant liable for said balance; which to permit him to do would be a fraud upon defendant, for he shows that but for the understanding with plaintiff, he would have made arrangement to have the property bring its full value and to pay off said debt in full, and the property would have brought more.

The plaintiff demurred to the plea of payment, on the ground that the same was not sufficiently specific, and demurred to the amended plea on the ground that it set up no valid legal defence. The demurrers were overruled, and the case proceeded to trial. The jury found for the defendant. The plaintiff made a motion for a new trial on the several grounds set out therein, which was overruled, and he excepted. Two of the grounds of the motion for a new trial were the overruling of demurrers to the pleas.

1. We think the trial judge was right in overruling

the demurrer to the second plea, to wit, the plea of payment, inasmuch as the demurrer was general and did not specify the defect in the plea. It was defective in that it did not specify the time of payment, but this ought to have been pointed out by the demurrer. There was no evidence to sustain the plea.

2. We think the court was right in overruling the general demurrer to the amended plea, as some parts of the plea are sufficient. In this plea the defendant alleges that the plaintiff then and there accepted the land for the balance due upon the debt. If the defendant had proved this allegation in his plea, we think it would have been sufficient to authorize the jury to find in his favor. We have carefully read the testimony in the record, and find that the defendant failed to sustain this allegation, either by his own testimony or by that of any of his witnesses. He does not say in any part of his testimony that the plaintiff ever in fact accepted the mortgaged property in payment of the amount of his indebtedness to the plaintiff. All that he testifies to is that the plaintiff agreed that he would attend the sale and make the property bring the amount of the indebtedness. The defendant does not show in his testimony that if he had been present, the property would have brought more than the plaintiff gave for it, or that any one else would have bid more for the property than the plaintiff did. Nor does he show that he was in any manner injured by the action of the plaintiff. If the plaintiff had demurred to these allegations specifically, the court doubtless would have stricken them from the plea, as they were not proper allegations in a plea of payment. They might have been proper in a plea of set-off against the notes, if the defendant had alleged and could have shown that he was injured by the plaintiff's failure to comply with his promise. For instance, if he could have shown that he had a friend who would have attended the sale and given more for

the property than the plaintiff did, and that by reason of the agreement between him and the plaintiff, his friend failed to attend the sale and bid upon the property, he might set off the difference between what his friend would have bid and what the plaintiff bid, if his friend would have bid more. If the plaintiff made this agreement with the defendant that he would attend the sale and make the property bring the amount· of the indebtedness, he may have been morally bound to do so, but we do not see that he was legally bound to do so. There was no consideration passing to him for the promise. He had his judgment against the property, the execution had been issued and levied; and we fail to see any legal benefit that the plaintiff received by such a promise, if he made it. There being no consideration in the way of benefit for the promise, and no injury being shown to the defendant because of the plaintiff's non-compliance therewith, the plaintiff was not legally bound thereby.

3. The defendant having failed to sustain the only good part of his amended plea by proper evidence, the verdict of the jury was contrary to the evidence, and the court should have granted a new trial. Taking this view of the case, it is unnecessary to pass upon the other grounds of the motion.        *Judgment reversed.*