## 50C.   HOLT *v.* THE STATE.

RUSSELL, J.   1. It is never necessary or proper for a court, during the trial of a case and in the hearing of the jury empaneled therein, to relieve itself by reference to the right of the Supreme Court to reverse its rulings to which respectful objection is being made, and by suggesting that counsel try the remedy. In a case stubbornly contested and close and doubtful, to intercept, cut off, and prevent a question from being asked a witness by defendant's counsel, with the remark, "I may be

wrong about this; you have your remedy, you can go to the Supreme Court. I won't permit him to testify about a matter on the former trial until the record is read to him," was prejudicial to the defendant, and it is such an intimation of the court's opinion that the defendant is guilty as requires the grant of a new trial.

2. "The fact that a defendant in a criminal case may take up his case to the Supreme Court is no reason why he should not have meted out to him, by the court and jury, the full measure of his legal rights." *Hodges* v. *State*, 15 *Ga.* 118.

3. The right of a defendant to test the consistency or improbability of a witness's story, as well as his interest or feeling in the case, by cross-examination thorough and sifting, is secured to every party as to witnesses called against him. Civil Code, § 3864. And a material abridgement or denial of this right is ground for a new trial. *A. & B. Ry* v. *McManus*, 1 *Ga. App.* 302, 58 S. E. 258.          *Judgment reversed.*

Accusation of illegal sale of liquor, from city court of Eastman —Judge Clements.   May 4, 1907.

Submitted July 17,—Decided July 25, 1907.

*DeLacy & Bishop, D. M. Roberts & Son,* for plaintiff in error.

*W. M. Morrison, solicitor, C. W. Griffin, Tye, Peeples, Bryan & Jordan,* contra.