### 25326. GOODWYN, administratrix, *v.* ROOP, administratrix.

DECIDED JULY 16, 1936. REHEARING DENIED JULY 30, 1936.

*R. D. Jackson, Willis Smith, Harvey Beall,* for plaintiff.
*Smith & Millican, Boykin & Boykin,* for defendant.

STEPHENS, J. This case was transferred to this court by the Supreme Court. Mrs. Bessie Goodwyn, administratrix, sued Mrs. Lula L. Roop, administratrix. The plaintiff alleged that the defendant's intestate was the son and the confidential agent and trustee of the plaintiff's intestate; that as such he took charge of and managed his mother's property during a period from May, 1904, until the date of her death in April, 1931; that she allowed him to take charge of all of her affairs and manage them in her place and stead, which he did as long as she lived, and he never made any settlement or accounting to her thereof; that he died in August, 1931, without making any accounting and settlement with his mother or with any representative of her estate; that the plaintiff had made demand on the defendant for a settlement and accounting, which was refused; that the defendant's intestate, im-

mediately after the death of his father (in May, 1904), took charge of all the interests of the plaintiff's intestate, which consisted of $12,000 in cash, certain bank stock, and certain real estate, and the $12,000 in cash was taken charge of by the defendant's intestate and never accounted for, and no part was ever paid to the plaintiff's intestate or her representative; and the plaintiff sues for the same and an accounting thereof. The plaintiff further alleged twenty-three or more subsequent transactions in which various sums of money went into the hands of the alleged agent, which were never accounted for, and for which the plaintiff sues for an accounting. The plaintiff filed an amendment in which it was alleged that the sum of $12,000 and the bank stock were accepted by the plaintiff's intestate and her confidential agent, with the consent of the other heirs at law, in the division of the estate of J. K. Roop, and the same were taken charge of by her agent on or about November 1, 1904, together with the control of her home place and some city lots contiguous thereto, and, after amending other allegations as to various transactions, saying: "all of the above-described property was kept and used" by the alleged agent, "and intermingled with his property," and at the death of the plaintiff's intestate only the following described property was turned over to the petitioner as administratrix of the estate: the described property including two $500 liberty bonds, 20 shares of Coca-Cola Company, two notes payable to the plaintiff's intestate and signed by H. A. Roop, respectively in the sums of $1634.95 and $800, money in bank, $183. A long demurrer was filed, which is not now material, and on which the court made the following order: "Construing the suit in this case as amended to be a suit to recover certain named items of cash, and not as a suit to recover any realty or specific property, the within and foregoing demurrer is hereby overruled." At the conclusion of the evidence for the plaintiff the defendant moved for a nonsuit, which was granted by the court, and which judgment is excepted to. Other exceptions to rulings on objections to testimony which are interspersed in the brief of evidence do not need discussion.

One of the contentions by counsel for the defendant is that there was no proof of the alleged agency. Under the evidence this contention is not sustainable. Whether the defendant's intestate, in the various transactions testified about, acted only as a legal

advisor is a jury question under the evidence. It is further contended that the evidence wholly failed to sustain any allegation which charged the defendant's intestate with having failed to account for funds or make a settlement, etc. A number of the plaintiff's allegations to that effect were fully disproved by testimony of witnesses for the plaintiff, or were without evidence to sustain them. But if any one of these allegations was supported by evidence, it was error to grant a nonsuit. Paragraph 8 of the petition, and paragraphs 1, 2, 4, and 12 of the amendment relate to the disposition of a sum of $12,000, to which the plaintiff's intestate became entitled through a division of her husband's estate among his heirs, and which was alleged to have been taken charge of by the defendant's intestate and never to have been accounted for. On this particular item Dr. Goodwyn, husband of the plaintiff testified: "That ten or twelve thousand dollars was turned over to her, it must have been the latter part of 1904, or about 1905. She turned it over to C. E. Roop. He was her son, and looked after her affairs. She had confidence in him. He looked after all her affairs . . in a business way. . . I talked to Judge Roop about the twelve thousand dollars or the ten thousand dollars, whichever it was. All matters of business as to her property, any deal or trade wanted to make, always have to ask him about it. He told me he had charge of her money. He told me he had the ten or twelve thousand dollars in money; it would be easier to handle than it would be in property. He said he had it mostly in money, because it would take more time to look after farming interest; in business he could handle her business in money easier than to look after the farms. He had charge of the twelve thousand dollars. . . I had a talk with him in the month of August, just a short time before he died, about this estate, as to whether he had ever made any settlement or not, while I was treating him as his physician. I talked to him . . just before he got sick, about whether there had been any settlement. He hadn't had any settlement with Mrs. Roop at all. He said she had very little stuff; if neither of them would raise any disturbance and let him go on and settle, he would pay them whatever it took to satisfy them. I asked him what became of her property. He said it had been spent, and he said he would make them satisfied about the amount when he got straight and all right. I told him a

great big stack of checks there, and my wife did not understand how come all of those big checks. He said he would make it satisfactory, just let him alone until he got well, he would make it all right, he would satisfy them. . . He said he would explain it and pay them until they were satisfied." . . Mrs. Roop "was about eighty-two or eighty-three years old when she died. She had ten or twelve thousand dollars in money; her stuff was worth that in money right then. He had possession of it. He said he had it in his hands, had it in control, had the balance in the bank; and I saw it myself. I spent a whole rainy day going through and looking at the amount of money and notes. . . After she died he told me there had been no settlement. . . The twelve thousand dollars in cash I testified he had was interest in two or three storerooms, savings and bank. He had some money, about ten or twelve thousand dollars, I guess. I mean he had that much in cash. He had ten or twelve thousand dollars cash money for Mrs. Roop."

Counsel for the defendant in their briefs attacked the testimony of this witness on account of inconsistencies, on account of lack of knowledge of the matters testified about, as shown by other parts of his testimony, and on account of his credibility, he being the husband of the plaintiff administratrix. This is a question for determination by a jury. This testimony was sufficient to require submission of the case to the jury, and the court erred in sustaining the motion for nonsuit.

The exceptions to rulings on objections to testimony, which, as before stated, are interspersed along in the brief of evidence, do not require consideration. The exceptions to the exclusion of testimony concerning the estate of J. K. Roop and the amount received therefrom by the plaintiff's intestate are immaterial, because in the subsequent course of the case other witnesses were allowed to testify as to these matters. This also applies to the exception to the exclusion of certain testimony by H. A. Roop and the testimony of the plaintiff administratrix.

The claim does not appear to be barred by the statute of limitations. The statute does not begin to run until demand made. *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113).

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., dissents.*