31730. SMITH *v.* DAVIS.

*J. Walter LeCraw, John H. Hudson,* for plaintiff in error.
*Charles S. Barton, Hewlett & Dennis, T. F. Bowden,* contra.

PARKER, J. ■ In considering the ruling of the court disallowing the amendment we are mindful of the rule of law that conduct not amounting to a justification for an assault and battery may nevertheless be pleaded and proved in extenuation or mitigation of damages. Code, § 105-1802; *Robinson* v. *De-Vaughn,* 59 *Ga. App.* 37, 52 (200 S. E. 213), and citations. This rule of law seems to contemplate that the jury may consider "the actions and conduct of the plaintiff at the time of the assault," with other facts, in determining whether the defendant was justified, and if not justified, what effect should be given to such facts as in mitigation. *Hutcheson* v. *Browning,* 34 *Ga. App.* 276 (2) (129 S. E. 125). Where the plaintiff seeks to recover punitive damages, as well as actual damages, as in this case, the rule has been stated as follows: "Where there has been a breach of duty giving rise to a cause of action, and the injured party claims punitive damages, all the surrounding circumstances, accompanying the breach of duty, may be given in evidence to the jury." *L. & N. R. Co.* v. *Forrest,* 6 *Ga. App.* 766 (3) (65 S. E. 808); *Scott* v. *Reynolds,* 70 *Ga. App.* 545, 554 (29 S. E. 2d, 88).

Applying the principles of law stated to the facts of this case we think the court erred in refusing the amendment. The acts and conduct charged to the plaintiff in the amendment tended to show that he was quite unsatisfactory as a tenant, and was more or less obstreperous, stubborn and contentious, and that he had boasted repeatedly of his viciousness and fighting ability. The amendment set out and charged several acts and a course of conduct to the plaintiff, some of which acts were so closely connected

with and related to the assault as to be pleadable in mitigation of damages if not in justification, and the amendment should have been allowed by the court. Furthermore, paragraph two clearly set up a defense, and the motion to strike or disallow the amendment was in the nature of a general demurrer and should not have been sustained to the whole pleading where parts of it were good. "General demurrer to a plea of which some parts are sufficient, should be overruled." *Baer* v. *Christian*, 83 *Ga.* 322 (2) (9 S. E. 790). Other cases to the same effect include *Medlock* v. *Wood*, 4 *Ga. App.* 368 (2) (61 S. E. 516), *Epstein & Bro. Co.* v. *Thomas*, 15 *Ga. App.* 741 (3) (84 S. E. 201), *Tuxworth* v. *Barber*, 21 *Ga. App.* 748 (94 S. E. 1042), and *Dawson Production &c. Assn.* v. *Connelly*, 61 *Ga. App.* 889 (8 S. E. 2d, 424).

■ Ground four of the amended motion for new trial complains of the refusal of the court to allow counsel for the defendant to propound two questions to the plaintiff on cross-examination. It appeared that the altercation, which culminated in the assault and battery complained of, arose over a dispute between the plaintiff and defendant as to whether the hogs belonging to the plaintiff and being kept in the defendant's pasture should be turned out. Defendant contended that they should and took steps to turn them out notwithstanding plaintiff's objections. On cross-examination defendant's counsel asked the plaintiff: "Why did you object to Mr. Smith turning your hogs out?" and "Did you have any reason to object to Mr. Smith turning your hogs out?" Both of these questions were excluded upon objection of counsel for the plaintiff. Counsel for the defendant stated to the court, "That goes to his good faith, . . and also goes to the question of whether or not his attitude and conduct at the time he claims this attack occurred was such as to provoke an attack." Even if the answers sought by the questions excluded were of doubtful relevancy, still we think the questions should have been allowed. "It has long been the rule in this State, when the admissibility of evidence is doubtful, to admit it and leave its weight and effect to be determined by the jury." *Coart* v. *State*, 156 *Ga.* 536 (2) (119 S. E. 723); *New York Life Ins. Co.* v. *Ittner*, 54 *Ga. App.* 714, 717 (188 S. E. 920); *Brown* v. *Wilson*, 55 *Ga. App.* 262 (1) (189 S. E. 860). "Evidence

which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it, and to aid the jury in arriving at the truth of the matter, should be admitted." *Walker* v. *Mitchell*, 41 *Ga.* 102.

"The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him." Code, § 38-1705. The right of either party to a suit to subject to a thorough and sifting cross-examination the witnesses against him "is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy. . . The manner and extent of a cross-examination are, to a certain extent, within the control and subject to the discretion of the presiding judge, but the substantial right should neither be abridged nor denied." *News Publishing Co.* v. *Butler*, 95 *Ga.* 559 (22 S. E. 282). The right of cross-examination, thorough and sifting, which belongs to every party as to the witnesses against him, is especially applicable where the witness is the opposite party to the cause on trial. *Barnwell* v. *Hannegan*, 105 *Ga.* 396 (31 S. E. 116); *Becker* v. *Donalson*, 133 Ga. 864 (67 S. E. 92); *W. & A. Railroad* v. *Peterson*, 168 *Ga.* 259, 266 (147 S. E. 513); *Williamson, Inman & Co.* v. *Thompson*, 50 *Ga. App.* 564 (4) (179 S. E. 289); *Owens* v. *Shugart*, 61 *Ga. App.* 177 (6 S. E. 2d, 121). A material abridgment or denial of the substantial right of cross-examination of opposing witnesses is material error and requires the grant of a new trial. *Holt* v. *State*, 2 *Ga. App.* 383 (3) (58 S. E. 511); *McRae* v. *Boykin*, 50 *Ga. App.* 866, 875 (179 S. E. 535); *McGinty* v. *State*, 59 *Ga. App.* 675 (2 S. E. 2d, 134); *Becker* v. *Donalson*, supra. "As a general rule it is better that cross-examination should be too free than too much restricted." *Harris* v. *Central Railroad*, 78 *Ga.* 525 (3) (3 S. E. 355). We think the ruling complained of in this ground requires a new trial.

Counsel for the plaintiff argue that at the time the questions were asked the defensive pleadings consisted only of a general denial of the plaintiff's petition; but the record does not sustain this contention. It appears from the bill of exceptions, and the portions of the record specified therein, that the trial began on April 17, 1947, and on that same day an amendment pleading

justification was filed and allowed. The bill of exceptions, after reciting that the first amendment offered was. disallowed, says that "thereafter the defendant presented another amendment which was allowed and filed." We cannot assume as a fact something which does not appear from the record and base a ruling thereon.

■ The exclusion of certain questions and the anticipated answers propounded to the defendant, as complained of in ground five, was not erroneous because substantially the same evidence sought by the questions was admitted without objection in other parts of the defendant's testimony. *Goodwyn* v. *Roop*, 53 *Ga. App.* 847 (187 S. E. 127); *Head* v. *Georgia Power Co.*, 70 *Ga. App.* 32 (4) (27 S. E. 2d, 339).

■ The general grounds are not considered.

*Judgment reversed.* *Sutton, C. J., and Felton, J., concur.*