33000. C. G. AYCOCK REALTY CO. *et al. v.* BURROWES.

DECIDED MAY 5, 1950.

*Walter A. Sims, George B. Rush,* for plaintiffs in error.
*Francis Y. Fife, Herbert O. Edwards,* contra.

SUTTON, C. J. This was an action in Fulton Superior Court for damages for assault and battery, brought by A. S. Burrowes against C. G. Aycock Sr., and C. G. Aycock Realty Company, a corporation, on account of a rencounter between the individual parties. The jury returned a verdict for $500 for the plaintiff, judgment was rendered accordingly, and the defendants moved for a new trial. The motion was overruled and they excepted. So much of the record as is necessary for an understanding of the issues and the rulings herein made is quoted or referred to wherever applicable in the opinion.

The motion for a new trial consists of the usual general grounds and an amendment, wherein there is an amplification of the general grounds on the ground that the verdict was excessive, and wherein error is assigned on various portions of the

charge to the jury and rulings of the trial judge. Although these last mentioned assignments of error are in the nature of special grounds, to which the rule applies that each special ground of a motion for a new trial should be completely intelligible within itself, the usual and customary practice in this respect was not followed. Instead, statements of fact, portions of the record, and other items were set off in separately numbered paragraphs, and if each paragraph were considered separately as a special ground of the motion, not one is in such form as to require consideration by the court. However, the alleged errors are presented in an understandable and intelligible form when more than one paragraph of the amendment to the motion is considered together. Clearly this was the intent of the movant. This court has so considered them, looking to substance rather than form.

■ During the course of the trial the judge asked counsel for the plaintiff, out of the presence of the jury, about certain allegations of the petition in regard to damages for permanently impaired earning capacity, and counsel for the plaintiff stated that no insistence was being made in regard to these allegations. Thereafter, the judge made a statement to the effect that the only damages that the plaintiff was claiming were for physical injuries and punitive damages. Counsel for the plaintiff agreed with this statement, whereupon the jury was recalled and the trial proceeded. In charging the jury in regard to damages for physical injuries and for pain and suffering the judge charged the law in general terms and stated that if, in the opinion of the jury, it was determined that the plaintiff's injuries would cause pain and suffering in the future then that element could be considered in awarding damages. The defendants contend that, on account of the above colloquy between the trial judge and counsel for the plaintiff, the element of future pain and suffering was eliminated from the case, and that the court erred in charging the jury in this respect. All that was eliminated by the conversation was the element of permanently impaired earning capacity, which under the law of this State might entitle an injured party to damages for the mental anguish or continued mental pain and suffering caused thereby, but the elimination of this issue from the present case did not eliminate the issue

of future pain and suffering which might be the result of the injury sustained. The charge of the court in this respect was not error.

■ Error is assigned on a portion of the charge as follows: "Now, in addition to the damages for the alleged physical injuries and pain and suffering, the plaintiff seeks to recover punitive damages. I charge you, gentlemen, that the law provides that in every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." It is the assertion of the defendants that this portion of the charge authorized the recovery of double damages, that is, as a deterrent to the wrongdoer and as punishment. The charge is in the alternative or disjunctive, not in the conjunctive, and follows the exact language of Code § 105-2002. Furthermore, the judge charged that if punitive damages were awarded this should be shown as a separate item in the verdict, and the jury returned a general verdict for $500, with no amount designated as punitive damages. Under the facts of this case no error is shown by the charge with respect to punitive damages.

■ During the trial the judge ruled that the defendant could not introduce evidence in regard to certain prior difficulties. In his charge he instructed the jury that certain allegations in the amended plea and answer of the defendant, in regard to certain prior difficulties, were not to be considered as forming an issue, and that no evidence in support of such allegations should be considered, and that for the benefit of the jury he was marking "out" along the side of these allegations. Error is assigned on the acts and rulings of the trial judge. The allegations and the evidence were in respect to the plaintiff violating the terms of his lease by certain conduct, such as keeping a dog in his apartment and permitting the dog to commit nuisances in the hallways and on the stairs in the apartment building, piling trash and liquor bottles in front of the door to his apartment and not in the garbage can, and having been contentious and fussy in his dealings with the defendants when paying rent, and similar items. While such acts, if true, may have been provoking when committed, they bore no close relation to the

actual assault and battery, which will appear from a reading of the evidence as contained in another division of the opinion. Such conduct of the plaintiff would not sustain a plea of justi-. fication, nor would it show mitigating or extenuating circumstances. What may be shown in extenuation or mitigation of punitive damages, even if it would not show justification of the assault, much be "closely connected and related to the assault." See *Smith* v. *Davis*, 76 *Ga. App.* 154 (1) (45 S. E. 2d, 237). Furthermore, as previously stated, the jury made no award of punitive damages. Insofar as error is alleged in this ground of the motion as to the exclusion of evidence and the charge of the court, the contentions of the defendant are without merit, and insofar as error is alleged therein as to any ruling on the pleadings, such is not a proper assignment of error in a motion for a new trial.

■ The sole remaining question is as to the legal sufficiency of the evidence, it being contended by the defendants that the verdict was not authorized by the evidence and that the amount of the verdict was excessive. Therefore, it is necessary to examine the evidence. Burrowes, the plaintiff, was a tenant in an apartment house operated by the corporation defendant, and the individual defendant was an agent and officer of the corporation. According to the testimony of the janitor of the apartment house, Burrowes, on the morning of the incident, Sunday, September 22, 1945, became engaged in a dispute with this janitor about a garbage can, and struck him in the mouth. Burrowes denied having seen the janitor on the Sunday morning until he came to his apartment about 9:30 a.m. with two police officers, claiming that Burrowes had beaten him. Before this, the janitor had telephoned Aycock and had asked him to come to the apartment house, and Aycock arrived at the apartment house about 10:30 or 11 a.m., parked his automobile near the building, saw the janitor standing on a street corner, and called for him to come over and talk to him. According to Aycock the janitor was bleeding at the mouth, had blood on his clothes, and several of his teeth were loose. Burrowes testified that he came out of his apartment to get some clothes off the line and saw a man in an automobile and asked this man if he was Aycock, received an affirmative reply, and Aycock jumped out of the automobile,

cursed him, struck him, and he fell, and while trying to straighten his glasses Aycock tried to hit him a second time, but he dodged the blow and ran into the house, and Aycock jumped into the car, and drove away, taking the janitor with him. According to the janitor, Burrowes walked up to the automobile, asked Aycock for a fight, and told him to get out of the automobile, and Aycock came out fighting, started to hit Burrowes with his fist and slapped him instead, and Burrowes walked away, then turned around and asked Aycock again for a fight, but Aycock got in his automobile and drove off, taking this witness with him. Aycock testified that he saw Burrowes hanging out clothes or doing something like that, and that when Burrowes saw him he came running or loping to the automobile, poked his head in the door, shook his fist, and cursed the janitor, that he, Aycock, told him his last janitor had left on account of a disturbance with him, and that the present janitor was the best janitor he had ever had, that Burrowes tried to open the door of the automobile and he told Burrowes he wanted him to retract his statement, that Burrowes said he would not do it, and called Aycock a liar, that he, Aycock, then opened the door and slapped Burrowes, that Burrowes did not fall, but staggered, dropped his cigar and caught it before it hit the ground, looked up and ran, calling his daughter who was running around the corner at the time, and that he, Aycock, told the janitor to get in the automobile, and they left. Aycock saw Burrowes the next day and there were no apparent physical injuries. There was testimony to the effect that after Burrowes was struck by Aycock his face was red and slightly swollen. Burrowes testified that after Aycock hit him he was nervous and had difficulty in sleeping, that it seemed there was always some big fellow trying to hit him, and he was nervous both night and day, and had been nervous ever since. Under the evidence a verdict for the plaintiff was authorized, and the amount of the verdict for whatever pain and suffering, either physical or mental, that the plaintiff had undergone, could only be measured by the enlightened conscience of impartial jurors, and this court cannot say as a matter of law that $500 was excessive.

■ The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*