## CHERRY *v.* CHERRY.

214

No. 17486. Argued June 12, 1951—Decided July 9, 1951.

*Durwood T. Pye,* for plaintiff in error.
*Lucile J. Milam, Alton T. Milam,* and *John Ellis,* contra.

Almand, Justice. On March 28, 1948, Rebekah Hislop Cherry filed a petition against Richard Baxter Cherry Jr., in DeKalb Superior Court, wherein she prayed for a total divorce, temporary and permanent alimony, custody of two minor children, attorney fees, and equitable relief. The defendant was personally served, and thereafter, on May 17, 1948, filed his answer and demurrer, and prayed that the plaintiff be denied a divorce and that he be awarded a divorce and the custody of the children. On September 6, 1950, the defendant filed an amendment to his answer, in which he struck therefrom the admission that he was a resident of DeKalb County, Georgia, and struck his prayer that he be granted a total divorce and custody of the children; alleging that, after the instant suit was filed, he moved to the State of Texas and became a bona fide resident of that State, and had resided therein for more than 12 months before filing an action for divorce against the plaintiff in the Judicial District Court of Dallas County, Texas. In the amendment, the defendant set out a duly exemplified copy of the Texas decree, including the final decree. It appears from the record that the plaintiff prayed for service upon the defendant as a resident of Georgia, and service by publication was perfected, and that, though she filed a plea of aliter lis pendens in said Texas proceeding, she did not submit herself personally to the jurisdiction of said court. The record of the Texas proceeding shows that the Texas court on August 28, 1950, entered a final decree, annulling the marriage between the parties and awarding the two minor chil-

dren to the custody of the wife, and ordered the husband, the wife being financially unable, to pay $50 per month to the wife for the support of each child, with the privilege to the father of visiting the children at reasonable times and places. It does not appear from the record of the Texas proceeding that that court had jurisdiction of the children, but on the contrary it is disclosed that at the time of the decree the children were in temporary custody of the mother under an order of DeKalb Superior Court.

The trial judge in DeKalb Superior Court, after allowing the amendment subject to objections and demurrer, sustained the general demurrer of the plaintiff and disallowed the amendment. The general demurrer does not appear in the record, but the court in its order disallowing the amendment recited that it was upon the grounds of the demurrer that the Texas divorce was void, and that a recognition of such decree would be contrary to the public policy of this State. To this order the defendant husband filed exceptions pendente lite. During the progress of the case the court overruled general and special demurrers of the defendant to the petition, and exceptions pendente lite were duly entered to this order. Exceptions pendente lite were also filed to the refusal of the court to grant the defendant's motion to purge the petition of certain allegations and several prayers of the petition. The case on the trial before a jury resulted in favor of the plaintiff wife for a total divorce and permanent alimony. The defendant's motion to set aside the verdict and decree being overruled, he by writ of error seeks to review the several judgments of the trial court.

■ A general demurrer to a plea or answer as a whole should be overruled if any portion of the plea or answer is good. *Baer v. Christian*, 83 *Ga.* 322 (2) (9 S. E. 790); *Tietjen v. Meldrim*, 169 *Ga.* 678 (1) (151 E. S. 349). The amendment to the defendant's answer, which the court struck on general demurrer, set out a duly exemplified and authenticated copy of a decree of the Judicial District Court of Dallas County, Texas, wherein the defendant in the instant case, in an action against the plaintiff, was granted a final decree of total divorce between the parties, requiring the husband to pay a certain amount of money monthly for the support of the children, and awarding the custo-

dy of the children to the mother, with right of visitation on the part of the father. The pleaded record shows that the plaintiff in the instant action was a resident of Georgia at the time the Texas proceeding was instituted, that she was served by publication, and that the Texas court had jurisdiction over the parties and the cause of action, as to the husband's prayer for a total divorce. Though the wife filed a special plea of aliter lis pendens in the Texas court, in which she sought to abate that action by pleading pendency of the Georgia divorce and alimony proceeding in DeKalb Superior Court, she did not by such pleading make such a general appearance in the Texas court as would authorize that court to bind her personally. The record shows that the children of the parties were domiciled in the State of Georgia at the time the suit was instituted and the decree was entered in the Texas case, and therefore the Texas court did not have jurisdiction to deal with the question of custody. Since alimony for the support of children is granted to the wife for the benefit and use of the children, and since neither the wife nor the children were residents of Texas or personal parties to the Texas proceeding, the decree of the Texas court as to alimony in support of the children would not be binding on the courts of this State. The record of the Texas proceeding, therefore, showing jurisdiction of the court only to grant a total divorce, and the decree in that respect being valid on its face, was prima facie entitled to respect by the courts of this State under the full faith and credit clause of the Federal Constitution. *Patterson* v. *Patterson*, 208 *Ga.* 7 (64 S. E. 2d, 441), and citations. Though the pleaded record in this matter shows that such court did not have jurisdiction to enter a personal judgment affecting the custody of the children and alimony for their support, the plea of res adjudicata constituted a good defense to the wife's prayer for a divorce and permanent alimony, and should not have been stricken on general demurrer.

■ The petition as against a general demurrer was sufficient to state a cause of action for total divorce on the grounds of cruel treatment and adultery, and it was not error to overrule the general demurrer to the petition.

■ Special grounds 1, 2, 3, 4, and 5 and the motion to purge will be considered together, they being directed to the same para-

graphs of the petition and based upon the same reasons. It is argued that the allegations of these paragraphs amount to pleading evidence, are irrelevant and immaterial, and calculated to unlawfully prejudice a jury. Paragraph 10 alleges that, when the plaintiff's baby was two weeks old, the defendant informed her that he was in love with a named woman, and in the fall of 1946 told the plaintiff that he was carrying on an illicit affair with the said woman, that he was in love with her and had had sexual relations with her. Paragraph 11 set out the contents of a letter alleged to have been received by the defendant from the woman named in paragraph 10. Paragraph 12 alleged that the plaintiff has a number of endearing letters written to the defendant by the named woman, and asks leave to introduce them in evidence. Paragraph 13 alleged that the defendant informed the plaintiff's mother and other members of the family that he had had sexual relations with the named woman, and that she had chosen him to be the father of her children, and he asked his wife to consent for him to live with said woman.

Paragraph 10 alleged in substance that the defendant had admitted to the plaintiff that he had had illicit relations with a named female. The wife being incompetent to testify as to this admission, her allegations in regard to the same were not relevant, and special demurrer 1 should have been sustained and paragraph 10 purged from the petition. Code, § 38-1606; *Lowry v. Lowry*, 170 *Ga.* 349, 357 (153 S. E. 11, 70 A. L. R. 488); *Herrington* v. *Spell*, 48 *Ga. App.* 802 (1), 803 (c) (173 S. E. 870).

A reading of paragraphs 11 and 12 discloses that the plaintiff was seeking to plead her evidence, and special grounds 2 and 3 of the demurrer should have been sustained and said paragraphs purged from the petition.

Paragraph 13 alleged relevant facts in support of the plaintiff's charge that the defendant had been guilty of cruel treatment and adultery, and was not subject to the objections and demurrers, and the court properly overruled the motion to purge this paragraph, as well as special grounds 4 and 5 of the demurrer. *Smith* v. *Smith*, 167 *Ga.* 98 (4) (145 S. E. 63).

Paragraph 15 of the petition alleged "That defendant has nagged, fussed at, and abused plaintiff until she was forced to separate from him as she had apprehension of danger to her life,

limb, and health." Paragraph 6 of the demurrer alleged that these allegations were conclusions of the pleader, and no specific acts of nagging, fussing, and abuse are alleged. In view of other allegations of the petition, this paragraph of the demurrer was properly stricken. *Smith* v. *Smith*, 167 *Ga.* 98 (6) (supra).

Grounds 10, 11, and 12 of the demurrer are directed to paragraph 20 of the petition, which alleged "That the acts of the defendant herein complained of amount to adultery and cruel treatment under the laws of Georgia upon which she bases her claim of divorce," on the ground that the allegations of adultery and cruel treatment are conclusions of the pleader. In view of other allegations of the petition, these grounds are without merit.

The allegations of the petition were sufficient to authorize the prayer for the award of the defendant's automobile to the plaintiff as a part of the permanent alimony prayed for, and it was not error to overrule ground 13. It was error to overrule ground 14, for the reason that no facts were alleged to support the prayer seeking to enjoin the defendant from changing the beneficiaries in the life-insurance policies held by the defendant.

The court erred in overruling grounds 1, 2, 3, and 14 of the special demurrer, and did not err in overruling the other grounds of demurrer.

■ In view of the erroneous rulings pointed out in divisions 1 and 3 of this opinion, all proceedings thereafter were nugatory, and it becomes unnecessary to pass upon the assignments of error as to matters which occurred on the trial of the case. The court erred in overruling the defendant's motion to set aside the verdict and decree.

*Judgment reversed.   All the Justices concur.*