## 20293.  POWELL *v.* MARS OIL COMPANY.

WYATT, Presiding Justice.   Mars Oil Company, a Georgia corporation, filed its petition for injunction in the Superior Court of Lowndes County, naming Earl Powell as defendant.  The petition alleged that, in September, 1957, Mars Oil Company leased from the defendant a portion of his property for the purpose of placing into operation thereon a gasoline service station.   Under the terms of the lease, rentals were to be paid monthly to Powell on or before the tenth day following the end of each month during the term of the agreement.   The contract also contained the following language: "In the event of default in the payments of the rentals as described above, the right of the first party (lessor) to terminate this lease shall be self-executing, and there shall be no duty or requirement on the part of first party to give any notice for terminating this contract."   The petition as amended alleged, however, that the rent for April, 1958, was delivered on May 11, 1958; the rent for May was delivered on June 11, 1958; the rent for June was delivered on July 11, 1958; and the rent for July was delivered on August 11, 1958.   The petition alleged that the departures from the strict terms of the lease were mutual between plaintiff and defendant and were intended by them to be a quasi new contract entered into partly by custom and partly by bookkeeping and accounting necessity of the company, which prepared its checks on the tenth of each month.   The petition alleged that, after Powell and petitioner entered into the new agreement relative to the payments of rent, Powell thereafter never gave the company notice of his intention to be governed by the exact terms of

the lease as provided for by section 20-116 of the Code of Georgia, as amended. The company alleged that it tendered the rent for August, 1958, on September 12, 1958, which tender was refused by Powell, who asserted that the lease had been broken by the company's failure to pay rent when due. The petition alleged ouster by Powell and conversion by him of certain items of personal property taken over by Powell upon ousting the company. The petition alleged that the company had no adequate remedy at law, and prayed for an injunction, a writ of possession, a decree of specific performance, an accounting for sales made by Powell of the company's personal property, and further equitable relief. The defendant filed his general demurrer to the petition as amended. The general demurrer was overruled, and the defendant assigns error on the ruling and judgment overruling the general demurrer. *Held:*

We approach the question here presented for decision with the principle of law in mind, "The law does not favor forfeitures, and provisions in contracts as to forfeitures must be strictly construed." *DeLamar* v. *Fidelity Loan &c. Co.,* 158 *Ga.* 361 (2a) (123 S. E. 116). See also *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45). This court in *Prothro* v. *Walker,* 202 *Ga.* 71 (42 S. E. 2d 114), said: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. . . The question as to whether or not there has been a mutual intention, and in fact a mutual departure from the terms of an original contract as contemplated by the above Code section, is ordinarily one of fact for determination by the jury." The principle of law proclaimed in the above quotation is completely controlling under the facts in the instant case. It follows, the judgment overruling the general demurrer was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Argued January 12, 1959—Decided February 9, 1959.

*Tillman & Brice,* for plaintiff in error.

*Eberhardt, Franklin, Barham & Coleman,* contra.