22685. TYBRISA COMPANY, INC. et al. v.
TYBEELAND, INC. et al.

ARGUED OCTOBER 12, 1964—DECIDED NOVEMBER 5, 1964—
REHEARING DENIED NOVEMBER 19, 1964.

*Marvin O'Neal, Jr., David H. Fritts,* for plaintiffs in error.

*Aaron Kravitch, E. J. Goodwin, Phyllis Kravitch, John Wright Jones,* contra.

DUCKWORTH, Chief Justice. While the covenants in the deed to secure debt to pay all taxes which may be imposed or which

may otherwise accrue, and to pay any debt thereby secured, might or might not have been breached by the failure to pay taxes due May 1, 1964, or to pay the $2,012.72 which was a part of the purchase price held in escrow until certain things had been done, yet the undisputed evidence shows an unquestioned breach of the covenant to obtain written consent from the grantee before making substantial alterations and removal of improvements on the premises, and our decision will be based upon this breach to determine if maturity was thereby accelerated, and if it was error to enjoin the sale under the power contained in the deed.

On this phase of the case, the issue sought to be raised is that of estoppel based upon the facts that the grantee knew such alterations were intended, lived so near thereto until he must have observed the alterations, and several times went upon the premises where he saw what was being done, and made no protest until the grantor had expended about $50,000 in making improvements and repairs. Sound thinking on this situation requires a clear recognition that a forfeiture of title with a loss of improvements is not here involved; that the improvements were on the grantor's lands and not those of the grantee, and he is not being deprived of a particle of same; that the grantor had equal knowledge with the grantee of the necessity of obtaining written consent of the grantee to make substantial alterations; that the grantee had no duty to remind the grantor of that requirement which he had written into the deed he executed; and that the grantee is not endeavoring to stop such alterations. He is merely exercising a right plainly given by the deed which the grantor executed to him, to wit: accelerate the maturity of his debt because of a breach of a covenant solemnly made in the deed.

It is essential to a clear understanding to eliminate the contentions of the defendant in error as follows: (1) the power of sale in a deed to secure debt must be strictly construed and fairly exercised. *Code Ann.* § 37-607 (Ga. L. 1937, pp. 481, 482); *Schneider v. Smith,* 189 Ga. 704 (7 SE2d 76). But this rule does not apply since the power here is unambiguous and is being exercised as the deed provides. (2) The law does not

favor forfeitures and they must be strictly construed. *DeLamar v. Fidelity Loan &c. Co.*, 158 Ga. 361 (123 SE 116); *Powell v. Mars Oil Co.*, 214 Ga. 710 (107 SE2d 208). This does not apply since there is no forfeiture here involved. (3) If there is any question as to construction of a deed to secure debt either by virtue of its original terms or a course of conduct which waives strict performance, a question for the jury is presented. *Prothro v. Walker*, 202 Ga. 71 (42 SE2d 114), *Verner v. McLarty*, 213 Ga. 472 (99 SE2d 890), and *Powell v. Mars Oil Co.*, 214 Ga. 710, supra, which are based thereon cannot be applied here since neither ambiguity nor waiver is shown. (4) The facts do not authorize an application of the rule of laches as applied in *Dulin v. Caldwell & Co.*, 28 Ga. 117, *Wood v. Macon & Brunswick R. Co.*, 68 Ga. 539, *Southern Marble Co. v. Darnell*, 94 Ga. 231 (21 SE 531), *Holt v. Parsons*, 118 Ga. 895 (45 SE 690), *Whipkey v. Turner*, 206 Ga. 410 (57 SE2d 481), and *Pearson v. George*, 209 Ga. 938 (77 SE2d 1), since the plaintiff still has the benefit of all expenditures and is not shown to be less able to prove his case. (5) There is no rescission here, hence there is nothing to restore as held in *Couch v. Crane*, 142 Ga. 22 (82 SE 459), and *Schneider v. Smith*, 189 Ga. 704, supra. Since there is no misplaced confidence, no statements relied upon, nor mutual agreement to depart from the writing, if there be an estoppel, it must rest upon the silence and failure to object on the part of the grantee. This basis for estoppel must square with the following established principles of law. The party seeking the benefit of estoppel must not only have been free from fraud, but *must have acted in good faith and reasonable diligence,* otherwise no equity will arise in his favor. *Johnson v. Ellis*, 172 Ga. 435 (158 SE 39). In cases of silence there must be not only the *right* but the *duty* to speak before failure to do so can operate as an estoppel. *McNabb v. Houser*, 171 Ga. 744 (156 SE 595, 74 ALR 1122). Here the grantor will not be heard to deny that he covenanted in his deed not to make any material alterations without the written consent of the grantee, hence he could not have in good faith believed that he could make such substantial alterations without first having obtained such written consent and if he did he became subject

to the terms of the deed which were maturity of the debt and sale under the power. Nor did the grantee have a duty to inform him of what he already knew. In order for an estoppel to arise, there must generally be some intended deception, or gross negligence amounting to constructive fraud by which another is misled to his injury. *Gay v. Laurens County,* 213 Ga. 518 (100 SE2d 271). The grantor could not have been deceived as to the content of the deed he executed, which required him to obtain the written consent, nor was the grantee negligent in not telling him what he already knew. It was essential to estoppel here that the party claiming it, because of alleged conduct, was not only without knowledge of the requirement of written permission to make the alterations but also without convenient and available means of acquiring such knowledge. *Williams v. Waldrop,* 216 Ga. 623 (118 SE2d 465). See also *Elliott v. Keith,* 102 Ga. 117 (29 SE 155); *Anderson v. Crawford,* 147 Ga. 455 (94 SE 574, LRA 1918B 894); *Hardin v. Snow,* 201 Ga. 58 (38 SE2d 836).

There can be no estoppel by conduct where both parties have equal knowledge or equal means of knowing the truth. *Nelson v. Girard,* 215 Ga. 518 (111 SE2d 60). The content of the deed was equally known to both the grantor and grantee therein, and it contained the requirement of written consent and a provision for accelerating maturity and exercising the power of sale if that covenant was violated. Another sound applicable rule of law is that the party claiming estoppel must have relied and acted upon declarations or conduct of the other party and not on his own knowledge or judgment. *Code* § 38-116; *Wilkins v. McGehee,* 86 Ga. 764 (13 SE 84); *Tinsley v. Rice,* 105 Ga. 285 (31 SE 174); *Hancock v. King,* 133 Ga. 734 (66 SE 949); *Cobb County R.E.M.C. v. Board of Lights & Water Works of Marietta,* 211 Ga. 535 (87 SE2d 80).

It would have been lawful for the grantee to even hope the grantor would violate the covenant and thus accelerate maturity. They both fully agree that such could be the result of the breach. They are conclusively presumed to have intended such result, else it would not have been written into the deed. The grantor has a complete means of keeping his land and the improvements

he has made thereon, and that is by paying the matured debt. The sale is to collect the debt not to take the land. Presumably its sale price will be enhanced in the amount of the improvements, and this will inure to the grantor.

The evidence and the law demanded that the sale be allowed to proceed, and it was error to enjoin the same.

*Judgment reversed. All the Justices concur.*