22956. BRIDGEBORO LIME & STONE COMPANY, INC.
v. HEWITT CONTRACTING COMPANY.

ARGUED SEPTEMBER 13, 1965—DECIDED DECEMBER 6, 1965.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.*, for plaintiff in error.

*Smith, Gardner, Kelley & Wiggins, Asa D. Kelley, Jr.*, contra.

Cook, Justice. ■ The present case, an action for damages by Hewitt Contracting Company against Bridgeboro Lime & Stone Company, Inc., is before this court on grant of the writ of certiorari. A full statement of the facts in the case is contained in the opinion of the Court of Appeals in *Hewitt Contracting Co. v. Bridgeboro Lime & Stone Co.*, 111 Ga. App. 261 (141 SE2d 211).

The parties entered into a contract whereby Bridegboro Lime & Stone Company, Inc., (hereinafter referred to as the seller) was to furnish Hewitt Contracting Company (hereinafter referred to as the buyer) a specified quantity of crushed stone at a stated price. The buyer alleged in paragraph 7 of its petition that it "hauled stone from the stockpile as needed for its work in the aforesaid project; however, on May 18, 1962, said stockpile had been depleted and the defendant refused to stockpile any further stone, thereby breaching its contract." The damages claimed by the buyer were those arising from the additional cost of crushed stone procured from another company, and rent paid on equipment during a period of 20 days as the result of the failure to furnish stone. The petition as amended shows that the buyer did not pay for the stone supplied by the seller as promptly as required by the contract. The alleged reason for the failure to make payments under the terms of the contract after August 17, 1961, was the refusal of the seller to furnish a guaranty to the State Highway Department that the stone would meet the Department's specifications.

The Court of Appeals held that the breach of the contract by the buyer by the first late payment, and subsequent payments, could be found to have been waived by the seller by the acceptance of the payments and by continuing to allow the buyer to haul the stone from the premises of the seller. The Court of Appeals further held that the refusal to give the State Highway Department the requested guaranty was not a breach of contract by the seller; but that the buyer's breach of contract in failing to make payment until it was found that the stone met the specifications of the State Highway Department could be found to have been waived by the seller by continuing to allow the buyer to haul stone from the date of the last pay-

ment in September, 1961, until its payment May 15, 1962. The Court of Appeals then held that it was the seller that finally breached the contract by refusing to stockpile stone, and that the petition stated a cause of action for damages.

It is contended by the seller (the petitioner in certiorari) that the Court of Appeals predicated its ruling on a misconstruction of the allegations of the petition; that "the stockpile" referred to in paragraph 7 of the petition was the stockpile of the buyer, and not that of the seller. We have carefully considered the petition as amended and conclude that the construction given it by the Court of Appeals is the reasonable and logical one. We therefore affirm the holding by the Court of Appeals that the petition stated a cause of action. We also affirm the ruling of the Court of Appeals that the cross action of the seller did not set out a cause of action.

■ Certiorari was granted in the present case because of the ruling by the Court of Appeals that the trial judge erred in overruling the demurrer to the answer.

"A general demurrer to a plea or answer as a whole should be overruled if any portion of the plea or answer is good." *Cherry v. Cherry*, 208 Ga. 213, 215 (65 SE2d 805); *Fraser v. Jarrett*, 153 Ga. 441 (5) (112 SE 487); *Tietjen v. Meldrim*, 169 Ga. 678 (1) (151 SE 349); *Byck v. Lawton*, 218 Ga. 858, 860 (131 SE2d 176).

The answer of the seller in the present case admitted the execution of the contract as alleged, but denied that the buyer had paid for the stone supplied in accordance with the terms of the contract. It denied the allegations of paragraph 7, on which the Court of Appeals predicated its ruling that the seller had waived its right to declare the contract breached because of late payments by the buyer. It required strict proof of the allegations concerning the obtaining of crushed stone from another company and the amount of damages resulting from the refusal of the seller to stockpile stone. While some of the paragraphs of the original petition were subsequently amended, the defendant was not required to reply to these amendments. *Hudson v. Hudson*, 119 Ga. 637 (4) (46 SE 874); *Watson v. Barnes*, 125 Ga. 733, 735 (54 SE 723); *Dooley v. Savannah Bank &c. Co.*, 199 Ga. 353, 356 (34 SE2d 522).

The seller (the respondent in certiorari) cites the rule that a general denial raises no issuable defense to a suit upon an unconditional contract in writing. *Johnson v. Cobb*, 100 Ga. 139 (2) (28 SE 72); *Graves v. Denny*, 15 Ga. App. 718 (5) (84 SE 187). This rule has no application to the present case. The action was one for unliquidated damages because of an alleged breach of contract. Under the allegations of the petition as amended the payments of the buyer were not in accordance with the terms of the contract, and the seller in its answer denied the allegations showing a waiver by it of the breach of contract by the buyer. Ordinarily the question of whether or not there has been a mutual departure from the terms of a contract is one of fact for determination by the jury. *Prothro v. Walker*, 202 Ga. 71 (42 SE2d 114); *Powell v. Mars Oil Co.*, 214 Ga. 710 (107 SE2d 208).

The Court of Appeals erred in holding that the trial judge should have sustained the general demurrer to the answer, which denied material allegations of the petition.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Mobley, J., not participating for providential cause.*