BEDINGFIELD *v.* MOYE.

BECK, J.   1. The court erred in admitting in evidence a certain decree af-
fecting adversely the title of the defendant, where the pleadings them-
selves upon which the decree was based were not introduced in evidence
and there was no other competent evidence to show that the defendant in
this case or any of his predecessors in title were parties to the case
wherein the decree was rendered.

2. It was error, under the evidence, for the court to charge the jury as
follows: "Now the question for you to determine, as I see it in this
case, has Dr. Bedingfield [the defendant] been in possession of the
land sued for, under color of title, for seven years? If he has, you
should find in favor of the defendant. If he has not, you should find
in favor of the plaintiff." This charge is subject to the criticism that
it tended to restrict the jury, in passing upon the defendant's claim
that he had a good prescriptive title, to the consideration of the ques-
tion whether or not the defendant himself had had possession under
written color of title, and to exclude from the consideration of the jury
the defendant's contention that he and those under whom he claimed
had been in possession under color of title for seven years. And it can
not be held that the injurious effects of this charge were sufficiently
remedied by the court's instruction in another portion of the charge,
that "the defendant's possession you tack on to those under whom he
claims."

3. There is nothing in the other grounds of the motion to authorize a
reversal of the judgment of the court below.

> *Judgment reversed. All the Justices concur.*
> JUNE 22, 1915.

Ejectment.   Before Judge Hawkins.   Laurens superior court.
May 1, 1914.

*Davis & Sturgis* and *J. S. Adams,* for plaintiff in error.
*Ira S. Chappell,* contra.