MOYE *v.* BEDINGFIELD.

PER CURIAM. 1. To an action of ejectment instituted on July 8, 1913, in which several demises were laid, the defendant pleaded "not guilty," and on the trial introduced evidence, without objection, tending to show continuous adverse possession in good faith by himself and those under whom he claimed, under color of title, beginning in 1899. The judge charged on the law of prescription, and in doing so instructed the jury, among other things, "The question that you are called upon to decide is whether or not the defendant has shown to you a prescriptive title, that is, possession as required by law, under color of title, by himself and those under whom he claims, for seven years or

more," and then read to the jury the sections of the code defining prescriptive title and adverse possession. In view of the charge, if further instructions were desired on the subject of the burden of proof being on the defendant to establish prescriptive title, or as to the character of possession required to support a prescriptive title, or as to the contention of the plaintiff that the possession of one of the prescribers originated in fraud, appropriate written request therefor should have been made.

2. When this case was here on a former occasion (*Bedingfield* v. *Moye,* 143 *Ga.* 563, 85 S. E. 856), it was held that "The court erred in admitting in evidence a certain decree affecting adversely the title of the defendant, where the pleadings themselves upon which the decree was based were not introduced in evidence, and there·was no other competent evidence to show that the defendant in this case or any of his predecessors in title were parties to the case wherein the decree was rendered." At the trial under review the plaintiff, after introducing testimony of the clerk of the superior court to the effect that the petition in the case in which the decree was rendered could not be found in his office, tendered in evidence the decree and the demurrer and answer filed in that case, neither of which showed that the defendant or any of his predecessors in title were parties to the suit; and they were excluded by the court. *Held,* that this ruling was proper.

3. Certain requests to charge, the refusal of which is assigned as error in the motion for new trial, did not state correct principles of law applicable to the evidence, and were properly refused.

4. There was evidence to support the verdict in favor of the defendant, and there was no error, for any reason assigned, in refusing a new trial.
   *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
                         MARCH 1, 1917.

Ejectment. Before Judge Kent. Laurens superior court. December 21, 1915.

*Ira S. Chappell,* for plaintiff.

*Davis & Sturgis* and *J. S. Adams,* for defendant.