## BETTS *v.* THE STATE.

1, 2. Where complaint is made of an instruction which of itself states a correct principle of law, upon the ground that the instruction should have been amplified, a new trial will not result where the instruction given was of itself correct, and where no appropriate request was timely presented for fuller instructions applicable to the facts of the case on trial.

3. The instructions of the court should be adjusted to the evidence, and no instruction should be given upon any theory which is unsupported by evidence.

4. Where a new trial is granted upon an error of law which is in itself controlling, the merits of a ground of a motion for a new trial based upon alleged newly discovered evidence need not be considered.

No. 4021. April 15, 1924.

Murder. Before Judge Hutcheson. Clayton superior court. October 6, 1923.

*Lester C. Dickson,* for plaintiff in error.

*George M. Napier, attorney-general, Claude C. Smith, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

Russell, C. J. In addition to the general grounds, the plaintiff in error contends, in an amendment to his motion for a new trial, that a new trial should be granted upon the following additional grounds: (1) Because the court erred in charging the jury that "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." It is alleged that this charge was prejudicial to the movant; and that the court should have charged, in connection with the foregoing quotation, the principle that while words, threats, menaces, etc., will not be sufficient to reduce the homicide from murder to manslaughter, it may be sufficient to arouse a reasonable fear in the mind of the slayer and thereby afford a complete vindication. (2) Because the court erred in charging the jury that "A bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing." The movant contends that the court stressed that portion of the charge by repeating the same twice in his charge, and in that way the same became erroneous in that said charge was impressed upon the minds of the jurors to the hurt of movant, and the giving of such charge twice was error. (3) Because the court erred, as movant contends, in charging the jury as follows: "I charge you, gentlemen, that flight, if any, and similar acts, if proven, from which an inference of guilt may be drawn, may be considered by the jury; but flight is subject to explanation; the weight to be given to it, or whether the jury will draw an inference of consciousness of guilt, or not, is for the jury. It is for the jury to determine whether the flight of the defendant, if such has been proven, was due to a sense of guilt, or to other reasons. If from other reasons, no inference hurtful to the defendant must be drawn by the jury." Movant contends that it was

erroneous to give said charge to the jury, because there was no flight proved in this case, and because said charge was hurtful, ·in that it conveyed to the jury· an expression on the part of the court that flight had been shown; and that it was error to give said charge to the jury, because it submitted to the jury a question for their determination, to wit, the question of flight, which was not in the case, and which was not authorized by the testimony submitted to the jury. (4) The movant asks a new trial on the ground of alleged newly discovered testimony. (5) In the fifth ground the general grounds are repeated, and the contention that the verdict is contrary to the evidence is stressed.

1. The complaint presented by the first ground of the amendment to the motion for a new trial would not authorize the grant of a new trial. The principle stated by the trial judge is a correct statement of law in the abstract; and had the defendant desired fuller instructions, an appropriate and timely request for the instruction now requested should have been timely presented.

2. It will be noted that there is no exception to the instruction of the court as set forth in the second ground of the amended motion, except that by repetition of the language quoted the court impressed that charge upon the minds of the jurors to the· hurt of the movant, and that the giving of said charge *twice* was error. The exception is without merit; for, ,conceding that the first recital of the code section (Penal Code, § 71), without application or explanation, may in some instances be hurtful to one accused of a homicide, this harmful effect was cured later on in the charge by fuller instructions on the part of the learned trial judge. No doubt the only reason for the repetition of § 71 was the desire on the part of the court to make the subject more plain to the jury. The first statement of the code section was given among other definitions near the beginning of the court's charge; but later, when the court proceeded to charge the jury very fully, fairly, and correctly as to the law of self-defense (and this in its appropriate connection), the court instructed the jury as follows: "A bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. Yet, if you should believe that at the time of the killing the circumstances were sufficient to excite the fears of a reasonable person that the deceased intended or endeavored, by violence or

surprise, to commit a felony upon the defendant, and that the defendant really acted under the influence of those fears, and not in a spirit of revenge, the killing would be justifiable, and you should acquit the defendant; and this is true notwithstanding you may also believe that the deceased did not intend to commit a felony on the defendant, the jury being the judges as to what circumstances would justify such fears, whether or not the circumstances of the case were sufficient to justify such fears. If they were, the killing would be justifiable; but if they were not, the killing would not be justifiable."

3. We think the court erred in instructing the jury upon the subject of flight, and in referring to this subject at all. There is no evidence of flight in the record. It may or may not be that the defendant fled, but the fact of flight, as every other pertinent incriminatory fact, must be proved. The only evidence in the record which could raise a suspicion that the defendant fled was given by the witness Reagin, who testified that "one Sunday evening . . somebody came and called me and said that there was a negro killed down the road. I went down there. When I got down there, there was a negro lying in the road, and he was not dead then. I asked who cut him, and they said Claude Betts, and so I put out after Claude. We struck up with Claude down on the river, and got him down near the Dickson Bridge." It is evident from this testimony that the witness started after the defendant before the death of the decedent, and the other testimony in the case shows without contradiction that he died within a few minutes after he was cut. The witness immediately "put out after Claude." The testimony of all the witnesses upon that subject shows that the defendant, after the cutting, joined his brother and went down the road towards his home, and the witness "struck up with Claude down on the river, and got him down near the Dickson Bridge." The evidence fails to show whether the defendant was in hiding, whether he was walking or running; and though Dickson Bridge may be in a distant county and the river may be either the Chattahoochee or the Altamaha, it devolves upon the State to prove much more definitely than appears in the present record the circumstances under which, and the location to which, the defendant fled, before instructions upon the subject of flight would be authorized. It cannot be said that flight was shown; for it is just as reasonable

to suppose that the defendant walked to Dickson Bridge as that he ran; that Dickson Bridge is within a short distance of the place of the homicide as that it is many miles away; that the defendant was in the road near Dickson Bridge as that he was in hiding in a swamp near by; that he was walking or standing still at the time he was overtaken as that he was running or avoiding arrest. Flight is a substantive fact—a very significant fact, which unexplained, or explained in an unsatisfactory manner, is sufficient to raise an inference that the flight was induced by consciousness of guilt which ofttimes aids in securing a conviction. It is essential to proof of flight that there be evidence from which an inference may be drawn that the defendant was intending or attempting to avoid arrest. The ruling in this case is in accord with the decisions in *Fountain* v. *State,* 149 *Ga.* 519 (101 S. E. 294); and *Hand* v. *Matthews,* 153 *Ga.* 75 (3) (111 S. E. 408).

4. In view of the error in charging upon the subject of flight, which was manifestly harmful to the defendant, we shall not deal with the alleged newly discovered testimony nor consider its merits; for the defendant will have an opportunity of introducing it on the new trial which we feel constrained to grant. Other than what we have said in the ruling embodied in the third division of the opinion, we forbear to make any comment on the evidence. Solely upon the ground that the charge upon the subject of flight was not authorized by the evidence as presented, the judgment of the trial judge in refusing a new trial is

*Reversed. All the Justices concur.*