## CHAUNCEY *v.* BARLOW *et al.*

1. Caveat to probate of will in solemn form, on grounds of mental incapacity and undue influence, *held* sufficient against general demurrer, and therefore amendable.
2. Evidence *held* sufficient to sustain the caveat, and verdict upheld.
3. Exception to the court's instruction to the jury does not show cause for reversal.

No. 6325. MARCH 14, 1928.

Appeal. Before Judge Knight. Clinch superior court. October 4, 1927.

*S. L. Drawdy* and *Morgan & Johnson,* for plaintiff.

*Little & Dickerson,* for defendants.

GILBERT, J. The will of William Barlow was probated in common form, whereupon certain heirs petitioned the court of ordinary to require a probate in solemn form, and at the same time filed their caveat based on the grounds that the testator did not have testamentary capacity, and that the will was void because of undue influence. After a hearing the ordinary rendered a judgment refusing a solemn-form probate. The petitioners appealed to the superior court, and then offered an elaborate amendment on their grounds previously stated. Another heir filed a separate caveat on the same grounds. The amendment and additional caveat were allowed by the court and ordered filed. The proponent objected to the amendment on the ground that there was not enough to amend by, and orally moved to strike from the caveat "all allegations pertaining to the use of undue influence in procuring the execution of said will, and to strike therefrom all of paragraph six of the same." This paragraph alleged that "the said William Barlow at the time of making said pretended will was not of sound and disposing mind and memory, and that the said William Barlow did not execute said pretended will freely and voluntarily, but was moved thereto by undue influence and persuasions over him by Thomas W. Barlow, Needham Mae Barlow, and Mrs. Hattie Chauncey, the three legatees named in the fourth item of the said pretended will; and therefore for the above reasons and for other reasons the said will is not the real will of the said William Barlow and is not entitled to probate in either common or solemn form." The court overruled the motion and objections to allow-

Trial, 38 Cyc. p. 1787, n. 99.
Wills, 40 Cyc. p. 1267, n. 13, 15; p. 1358, n. 75; p. 1359, n. 76.

ance of the amendment. Pendente lite exceptions were filed to such ruling and preserved in the bill of exceptions. The case proceeded to trial, and the jury returned a verdict against the proponent and in favor of caveators. The former moved for a new trial on the general grounds, and on a special ground which hereafter appears.

1. The court did not err in overruling the oral motion to strike part of the caveat, or in overruling the objection to the amendment. The oral motion was in the nature of a general demurrer and·the caveats were sufficient to withstand a general demurrer, and therefore were amendable.

2. The evidence on the question of mental capacity and undue influence was sufficient to support the finding; and this court will not set aside such verdict, especially where, as in this case, the ordinary, the jury, and the trial judge concurred in the view that the caveat was sustained by evidence.

3. Movant for new trial complains that the court erred in charging the jury as follows: "A testator by his will may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State; he may bequeath his entire estate to strangers, to the exclusion of his wife and children, but in such cases his will should be closely scrutinized and upon the slightest evidence of aberration of intellect, or collusion or fraud, or any undue influence or unfair dealing, probate should be refused." The criticism is that the charge was inapplicable, because founded upon a section of the Code (3832) referring to bequests to strangers, when testator did not bequeath any property to strangers; that the charge tended to prejudice the case in the minds of the jury; and that it tended to mislead the jury. Viewing the charge as a whole, the criticism here made does not show cause for a reversal. Immediately following the quoted excerpt the court charged as follows: "That last clause, gentlemen, pertaining to where a will is made to strangers and not to his heirs, or some of the heirs at law, is not here applicable, and you will not consider it in this case."          *Judgment affirmed.   All the Justices concur.*