### 19636. BELL v. BELL.

HAWKINS, Justice. 1. In a divorce case based upon the ground of cruel treatment, the trial judge charged the jury that "it is necessary for you to know what our law defines cruel treatment to be. And, the law says that cruelty in the sense that we use it in obtaining a divorce or as grounds for divorce, is the wilful infliction of cruel acts by one party on another that would cause the apprehensions of danger to life, limb, health, or mind." While this charge is not in the exact language of Code § 30-102 (10), it embodied substantially the definition of cruel treatment as contained in that Code section, and is not erroneous merely because not stated in the exact language of the Code. The special grounds of the motion for a new trial complaining of this excerpt from the charge, as being an incorrect statement of law, confusing and misleading to the jury, and erroneous because not in the language of the Code section above referred to, are without merit. *Alfriend* v. *Fox,* 124 *Ga.* 563 (1) (52 S. E. 925); *Duncan* v. *Duncan,* 183 *Ga.* 570, 572 (2) (189 S. E. 18); *Davis* v. *Wright,* 194 *Ga.* 1, 5 (3) (21 S. E. 2d 88).

2. While there was testimony in the present case to the effect that the defendant had an unstable personality and was emotionally upset at the time some of the acts of cruel treatment complained of occurred, the plaintiff testified, among other things, that at night the defendant would "get up and leave the bed and I would wake up and find her gone and go looking for her. I'd find her in several different places. I'd find her in the car or wouldn't find her, she would be gone somewhere, just going off. . . She'd say she was going to kill herself, and worse thing of all, she'd bring the kids into it. . . Get the kids up and say, 'I am going to leave and Daddy is going to take care of you.' She knew that hurt me. Make them cry just to hurt me. That got to be very bad. It got to be so bad I had to do something, doubled with the fact that this

happened every night, and it got so we couldn't talk to each other." In this respect the present case differs from that of *Connor* v. *Connor*, 212 *Ga*. 92, 94 (90 S. E. 2d 581), relied upon by counsel for the plaintiff in error, wherein it was held: "There is no evidence that any of the acts alleged to constitute cruel treatment were done wilfully and with intent to wound the petitioner. There is no evidence at all for the plaintiff on this question." The present case is controlled by the ruling made in *Hinkle* v. *Hinkle*, 209 *Ga*. 554 (1) (74 S. E. 2d 657), that "Acts or conduct of the defendant which would not amount to cruel treatment when considered alone might be found by the jury to enter into an alleged 'calculated intent' by the defendant of causing the plaintiff 'great mental pain and anguish.' " In *Myrick* v. *Myrick*, 67 *Ga*. 771, 778, it is said: "Cruel treatment, or cruelty in the broad and unrestricted sense in which it is used in our statute, is any act intended to torment, vex, or afflict, or which actually afflicts or torments without necessity; or any act of inhumanity, wrong, oppression, or injustice; for these, or any of them, is the common understanding of the term; and upon this interpretation of the statute and the term, we hold that the acts specified in the libel as having been committed by the husband towards the wife, constitute cruel treatment, considered collectively or singly." See also *Ross* v. *Ross*, 169 *Ga*. 524 (150 S. E. 822).

3. Counsel for the plaintiff in error, out of an abundance of caution, has filed both a motion for new trial and a motion for modification of verdict and judgment based upon identical grounds, when only the former is now appropriate under the provisions of the act of the General Assembly approved March 6, 1956 (Ga. L. 1956, p. 405; *Lott* v. *Lott*, 212 *Ga*. 672, 94 S. E. 2d 869). There is some evidence to support the verdict and we cannot hold that the trial judge abused his discretion in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
Argued March 12, 1957—Decided April 9, 1957.

*R. E. Fendler*, for plaintiff in error.
*Thomas R. Luck, Jr., Edward T. Brock*, contra.