19930. POYTHRESS *v.* POYTHRESS.

Argued January 13, 1958—Decided February 10, 1958— Rehearing denied March 7, 1958.

*Myrick, Myrick & Richardson,* for plaintiff in error.

*Aaron Kravitch, John J. Sullivan,* contra.

WYATT, Presiding Justice. 1. The first question presented is whether or not it was error to allow the amendment of February 12, 1957, over timely objection. This amendment alleged in substance that the defendant had been guilty of improper conduct with a named female, which consisted of public companionship under conditions very distasteful to the plaintiff; that said acts of cruel treatment were wilfully and deliberately inflicted with an intention of causing her mental pain and anguish. The objections urged to this amendment were that said amendment charged the defendant with adultery by implication, and adultery is a separate ground for divorce and can not be shown when the ground is cruel treatment. There is no merit in this contention. Upon a trial for divorce brought by the wife upon the ground of cruel treatment, it is proper to allege and prove the unconventional association of the husband with a named woman. *Brinson* v. *Brinson,* 201 *Ga.* 540 (40 S. E. 2d 535).

2. The petition as amended sufficiently sets out a cause of action for divorce on the ground of cruel treatment, and it was not error to overrule the general demurrer.

3. Since it appears from the record that the admissions by the plaintiff in open court were sufficient to remove any question with reference to the claims of the plaintiff to certain property, and since it appears that there is no merit in any of the other grounds of special demurrer, it was not error to overrule all grounds of the special demurrers.

4. The general grounds of the motion for new trial and special

grounds 1, 2, and 3 of the motion for new trial raise two questions. The first is whether or not, under the evidence, the jury was authorized to find in favor of the plaintiff for total divorce on the ground of cruel treatment, in view of the fact that the defendant also sought a divorce on the ground of cruel treatment. The second question is whether or not the award of alimony to the wife, being both a monthly sum and real estate, was without evidence to support it, was grossly excessive so as to show that the jury was unjustifiably prejudiced against the defendant and did not render a fair and impartial verdict. The evidence as to the cruel treatment by the husband and as to the financial standing and earning capacity of the parties was in conflict. This being true, this court is without authority to interfere with the findings of the jury.

5. Special ground 4 insists that the charge of the court as to what constitutes cruel treatment was erroneous. There is no merit in this contention. The charge given was substantially as set out in the Code section, and was not error. *Bell* v. *Bell*, 213 *Ga.* 176 (97 S. E. 2d 571). *Lowry* v. *Lowry*, 170 *Ga.* 349 (153 S. E. 11, 70 A.L.R. 488), does not hold to the contrary for the reason that the charge given in that case failed to include that the acts must be wilfully done, while the charge in the instant case includes wilfullness as a necessary part of cruel treatment.

6. Special ground 5 complains that the action of the court in withdrawing a portion of his charge and substituting another instruction therefor was misleading and confusing to the jury and entitles the defendant to a new trial. There is no merit in this contention. The judge first incorrectly charged the jury that the plaintiff sought as alimony a one-half undivided interest in the property listed. He immediately advised the jury to disregard the portion of his charge in which he had instructed them that the plaintiff sought a one-half undivided interest, and advised them that she sought the entire property listed. This was not error. The trial judge having mistakenly charged the jury a contention of one of the parties, and immediately recognizing that he had done so, had a duty to call the attention of the jury to the error, withdraw that portion of his charge, and charge them correctly. This he did and his action was not erroneous.

7. Special ground 6 contends that the following excerpt from

the charge of the court was error: "I charge you further that you may not consider any testimony of the plaintiff, Mrs. Poythress, tending to show adultery on the part of her husband. You may consider her testimony only insofar as it tends to indicate wilful acts committed by the defendant which acts constitute cruel treatment toward the plaintiff."

The testimony of the plaintiff as to the conduct of the defendant with a named woman was admitted at the trial without objection. There was also other testimony by other persons to the same effect. The judge in this portion of his charge instructed the jury that they were not to consider any testimony of Mrs. Poythress tending to show her husband guilty of adultery. This was certainly not harmful to the defendant. He further instructed them that they could consider Mrs. Poythress's testimony as to wilful acts of cruel treatment. This language simply means that the plaintiff's testimony, insofar as it tended to show adultery, was not to be considered by the jury, but that her testimony as to wilful acts of cruel treatment, there being other acts than the association with the named woman, could be considered. This was the most the defendant was entitled to, since no objection to the testimony was made at the trial.

8. Special ground 7 contends that the court erred in not excluding certain testimony with reference to a reconciliation after a former suit had been filed, and as to the failure of the defendant to live up to his agreement, and in not declaring a mistrial because of this testimony, upon the ground that this testimony concerned solely a settlement of pending litigation. There is no merit in this contention. Conceding, but not deciding, that this testimony, under the circumstances here appearing, was inadmissible, the trial judge, at the time the objection was made, instructed the jury to disregard any evidence with reference to any settlement. This was sufficient to protect the interest of the defendant.

9. Special grounds 8 and 9 contend that the court committed error in not declaring a mistrial because the judge instructed the jury to go back and reform their verdict. There is no merit in this contention, since the record shows that the reformation which resulted was all in favor of the defendant. The jury first returned a verdict awarding to the plaintiff all of a piece of prop-

erty located at 103 E. Park Avenue in Savannah, Georgia. Because there were two houses on the property the judge instructed them to go back and make a separate disposition of both. They did so and awarded one of them to the plaintiff and left one to the defendant. The defendant was certainly not harmed by this occurrence.

*Judgment affirmed. All the Justices concur.*