20132.  MAXWELL *et al.* *v.* HOLLIS, Administratrix.

ARGUED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958.

*Walton Hardin, Colley & Orr*, for plaintiffs in error.
*Lawson E. Thompson*, contra.

ALMAND, Justice. Mrs. Mattie Maxwell filed her equitable petition against Tom Maxwell and others, the heirs of William and Nancy Maxwell, wherein she asserted that she was in possession of 123 acres of land, title to the land being in her by virtue of a deed from William and Nancy Maxwell, dated May 11, 1893, to her husband, William L. Maxwell, and a warranty deed to her from her husband dated August 22, 1922, and recorded in the office of the Clerk of Wilkes Superior Court. She further asserted that her husband died in 1947, intestate, and she was his sole heir at law; and that, at the time of the filing of her petition in August 1956, she had been in actual possession of the land under a bona fide color of title and such possession was adverse to the rights and claims of the defendants and had ripened into a valid title by prescription. Her prayers were that the defendants be enjoined from interfering with her possession and for a decree forever barring the defendants from setting up or claiming any interests in the property or title to the same.

The defendants in their answer denied the material allegations in Mrs. Maxwell's petition and asserted that whatever possession of the land she had after the death of her husband was by virtue of an agreement with the defendants, who held title to the land as heirs at law of William and Nancy Maxwell, whereby Mrs. Maxwell's possession of the land was permissive and not adverse to the claims of the defendants. Pending the action, Mrs. Maxwell died and her administratrix was made party plaintiff. On the trial the court submitted only the issue as to whether Mrs. Maxwell held title to the land by virtue of adverse possession for more than seven years under color of title. A verdict was returned in favor of the administratrix. The defendants' motion for a new trial on the general and

special grounds was denied, and the defendants assign as error the denial of their motion.

■ Special grounds one, four and five of the amended motion for a new trial, being deficient for identical reasons, will be considered together. Ground one assigns error on the admission in evidence of "Wilkes County Tax Returns of Mrs. Mattie Maxwell for the years 1950, 1951, 1952, 1953, 1954, 1955 and 1956," the objection being that "these tax returns . . . do not show that this is the land in question," and that "the tax receipt itself is the only thing that is admissible." Ground four asserts that the court erred in admitting in evidence "Wilkes County Tax Receipts of Mrs. Mattie Maxwell for the years 1948, 1950, 1951, 1952, 1953, 1954 and 1955," over the objection that the receipts do not identify the land. Ground five asserts that the court erred in admitting in evidence "Motion of Marian C. Sequine and Sara Diaz, as next of kin of Eddie Walton, asking appointment of a guardian ad litem which was filed in Wilkes Superior Court on October 29, 1956, and dismissed by them on April 5, 1957," over the objection that "unless we know definitely what these objections are, we will have to object."

The movants did not set out in any of these grounds, literally or in substance, or attach as an exhibit to the grounds, the documents objected to and admitted in evidence, nor did they point out in each ground "such parts of the record or brief of the evidence by page number as are necessary to an understanding of the error complained of," as provided by the amendment to the Rules of Practice and Procedure adopted by this court on January 28, 1957, and approved by the General Assembly (Ga. L. 1957, pp. 224, 233; Code, Ann., § 6-901). Such assignments of error are not in proper form, are incomplete and insufficient to raise any question for decision by this court. *Bruton* v. *Harrell*, 151 *Ga.* 494 (1) (107 S. E. 586), *Nail* v. *Nail*, 212 *Ga.* 299 (3) (92 S. E. 2d 109). The rule of 1957 amending Code § 6-901 simply provides an alternative method for making a ground of a motion for new trial complete in itself by relieving the moving party from setting out literally or in substance, or by attached exhibit, the evidence or parts of the record necessary for an

understanding of the error complained of, by permitting the movant to point out by page number in the ground the part of the record or brief of the evidence where the document which was alleged to have been illegally admitted in evidence may be found.

■ Ground two asserts that the court erred in charging the jury as follows: "I charge you further, gentlemen, that constructive possession of land exists where one having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law presumes the possession to extend to the boundary of the tract. Hence, adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases, no prescription can arise in favor of either. That latter part, of course, doesn't apply, gentlemen."

It is contended that the trial judge by stating, "That latter part, of course, doesn't apply, gentlemen," confused and misled the jury, since he did not explain which part of the quoted charge immediately preceding constituted the portion of the charge that was not applicable to the case. Except for the last sentence, this charge is in the exact language of Code § 85-404 and was pertinent to the issues made by the pleadings and the evidence. Under the ruling of this court in *Harrison* v. *Durham*, 210 *Ga.* 187 (7) (78 S. E. 2d 482), there is no merit to the assignment of error.

■ Ground three asserts that the court, after charging that the jury should consider any evidence as to tax returns and paying taxes only as a circumstance to show adverse possession, erred in failing to instruct the jury that cutting of timber is a mere circumstance of adverse possession and not an element of adverse possession, there being evidence of this nature introduced by the plaintiff in support of her claim of adverse possession. It is contended that the jury was thus led to believe that cutting of timber constituted an element of adverse possession.

The court fully instructed the jury as to the law relating to prescriptive title and adverse possession, and if further instructions were desired as to the weight to be given other evidence

concerning the character of possession, an appropriate written request therefor should have been made. *Poullain* v. *Poullain,* 76 *Ga.* 420 (6a) (4 S. E. 92); *Moye* v. *Bedingfield,* 146 *Ga.* 600 (1) (91 S. E. 682).

■ Ground six asserts that the court erred in permitting one of the defendants, called by the plaintiff as a witness for the purpose of cross-examination, to answer the following question, "How was it that you didn't know where Eddie Walton was that you could find out so quick?" over the alleged objection, "That has been withdrawn because the pleadings were typed up before communication was heard from the party in question, and the court entered an order withdrawing it." To make an objection to the admission of evidence available in the reviewing court, it must appear that the objection was made and upon what grounds it was made to the trial court. *Donaldson* v. *Chance,* 144 *Ga.* 469 (1) (87 S. E. 395). The objection sought to be reviewed here is too vague and general to constitute a valid objection.

■ It is insisted that the evidence demanded a verdict in favor of the defendants, for the reason that the evidence conclusively showed that (a) the possession of the plaintiff's intestate was permissive, and (b) her possession had not been continuous and uninterrupted for the required period of time.

We have carefully reviewed the evidence. It does not demand a finding in favor of the defendants on either issue. The verdict of the jury finding that the plaintiff's intestate had prescriptive title to the land in question is supported by the evidence, and the trial court did not err in denying the defendants' motion for a new trial.

*Judgment affirmed. All the Justices concur.*