20263. JACKSON *v.* JACKSON.

SUBMITTED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959.

*William G. McRae,* for plaintiff in error.

*Barrett & Hayes,* contra.

ALMAND, Justice.    The bill of exceptions assigns error on two orders of the trial court:   one, sustaining certain special demurrers to certain paragraphs of the plaintiff's petition for a divorce on the grounds of cruel treatment and habitual intoxication, wherein the court directed the plaintiff to rewrite her petition omitting the sub-paragraphs to a numbered paragraph of the petition within 20 days; and the second, dismissing the petition on motion of the defendant because of the plaintiff's failure to comply with the order to rewrite the petition, she having within 20 days of the order filed an amendment to the petition, in which she struck the paragraphs ordered stricken and reincorporated substantially the same allegations in the amendment.

In paragraph 7 of her petition, the plaintiff alleged in sub-paragraph (a):  "Defendant excluded petitioner almost altogether from participating in any social activities with him, but insisted that petitioner accompany him whenever he decided to attend funeral services for their relatives, mutual acquaintances and customers of his business enterprises.  The defendant made many trips away from their home town on an average of once a month during said time for his own pleasure and never once invited petitioner to go with him.  The defendant

would require petitioner to attend the function of some male organization to which the defendant belonged on an average of about once a year at which time the membership thereof were requested to bring their wives;" in sub-paragraph (d): "The defendant neglected petitioner during all of said time from 1950 to the date of said separation, and spent the greater portion of the hours which were no[t] devoted to his business interests in companionship with one Miss Madelyn Finley, a mature woman in her late twenties or early thirties, either at the apartments where she lived or at social clubs and public places. The said Miss Madelyn Finley occupied apartment number B-4 at 2132-B Sylvan Way, S.W., Atlanta, Georgia, from 1950 to sometime in 1953, and she occupied apartment No. 1 at 2010 Sylvan Circle, S.W., Atlanta, Georgia from sometime in 1953 until after December 29, 1955;" in sub-paragraph (e): "Sometime during the year 1950 the defendant escorted the said Miss Madelyn Finley to the Empire Room in the Biltmore Hotel in Atlanta, Georgia, a public place in said city, where they had dinner together and became intoxicated in public;" in sub-paragraph (f), "During the year 1953, the defendant on at least two occasions was in the company of the said Miss Madelyn Finley at the Meadowbrooks Country Club, 3100 Campbellton Road, in said county, and they drank intoxicating liquors together at said club and the said Miss Finley played slot machines at said club with funds furnished by the defendant;" and in sub-paragraph (g), "On the occasion of one of their visits to said Meadowbrooks Country Club, during the latter part of the year 1953, the defendant had procured from the manager of said club, Mr. Danny Hunt, $50.00 worth of quarters and half-dollars with which Miss Finley was playing slot machines at said club. Both the defendant and Miss Finley at said time were intoxicated. Mr. James Folsom was watching Miss Finley play the slot machines, when the defendant in a fit of rage and without any warning, kicked Mr. Folsom on the ankle and told Mr. Folsom to stay away from his (the defendant's Jackson's) wife, the defendant, then and there referring to the said Miss Madelyn Finley, a Mr. Wm. L. Gower was present at said time and overheard the defendant's remarks to Mr. Folsom and observed the said assault

upon Mr. Folsom by the defendant, and the said Mr. Gower resented the defendant's said conduct, and after some argument with the defendant, Mr. Gower administered a beating to the defendant."

The defendant specially demurred to those paragraphs on the ground that they did not constitute acts of cruelty; were irrelevant and immaterial; had no probative value; were too remote and not germane to the issues; and were so prejudicial that they should be stricken and the plaintiff be required to rewrite her petition omitting therefrom all of said prejudicial allegations.

Under Code § 81-1001, as amended by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 82), which provides, "Either party who amends or attempts to amend his petition or other pleadings in response to order or other ruling of court shall not be held to have waived his objection to such order or ruling, but may thereafter take exception thereto as in other cases," the exception to the first order sustaining the special demurrers is properly before us for review.

In paragraphs other than the ones ordered stricken on special demurrers, the plaintiff alleges, in paragraph 7 (b): "The defendant left petitioner at home alone upon a majority of the nights in every week during said time while he went somewhere else and became intoxicated;" and in 7 (c): "The defendant on many of said nights, the exact number being unknown to petitioner because she did not keep a memorandum of all of them, remained away from his home until lat[e] at night and would be in an intoxicated condition when he returned home. He so conducted himself on at least 28 nights during the period of three months beginning January 1, 1951, and ending March 31, 1951, after which time petitioner ceased to keep account of said incidents."

In our opinion, when the allegations contained in sub-paragraphs (a), (d), (e), (f), and (g) of paragraph 7, quoted above, are considered with the other allegations in the petition as to intoxication and cruelty, these sub-paragraphs were not subject to the objections raised in the special demurrers, and the court committed error in sustaining these special demurrers and order-

ing them stricken from the petition. In *Myrick* v. *Myrick*, 67 *Ga.* 771 (3), the allegations, that "the husband evinced repugnance toward his wife, absented himself from her much of the time without cause, neglected her while sick, refused to allow her to attend church," when taken in connection with other allegations in the petition, were held sufficient as against the demurrer to charge cruel treatment. In the opinion it was said, at page 782: "Thus, if the husband by neglect and indifference, or by studied acts of insult and wrong practiced upon the wife, that have an open and manifest tendency to degrade the wife in her social position, to render her life miserable and unhappy, to make her life intolerable, and her intercourse with her husband a source of pain and suffering rather than of pleasure and happiness, although no personal violence is done or threatened, in all such cases a divorce should be granted;" and, at page 783: "The wife is not the menial or slave of the husband, and if by intentional unkindness, insult, reproach and indignities, the husband embitters the life of his wife and makes it impossible that the marriage state can be continued between the parties in happiness or satisfaction, the contract should in all such cases be dissolved by the court. The law does not require of the wife a life of degradation, misery and suffering, that the marriage state should be continued. Whenever the jury, guided by these rules, shall be satisfied that one of the parties to the marriage has practiced cruel treatment towards the other, they must grant a divorce, either total, or from bed and board, according to the circumstances of the case, as shall best advance the ends of the law and promote and secure the happiness of the injured and innocent."

In *Slaughter* v. *Slaughter*, 190 *Ga.* 229, 232 (9 S. S. 2d 70, 129 A.L.R. 156), this court said: "It is true that no actual physical violence was shown, but that is not an essential ingredient of cruel treatment as used in our divorce statute, or as construed by this court. There may be many instances of wilful, harmful conduct that occur out of the presence of the other spouse, which nevertheless constitute acts as cruel as those which might be committed in the immediate presence of the other while living together under the same roof."

In *Duren* v. *Duren*, 168 *Ga.* 76 (147 S. E. 74), this court held not subject to general demurrer a petition for divorce on the ground of cruel treatment, which alleged: "Defendant 'has been keeping company continuously for the last four years' with a named woman 'of bad character and reputation for chastity, . . . and has spent a large portion of his time with her during the four years. Although plaintiff repeatedly objected to him going with the said woman, he has continued in his conduct. He has made regular visits to her home, and has taken her to ride repeatedly. All of which has greatly outraged and humiliated plaintiff. . . He has refused and failed during said period to provide plaintiff with anything except very meager necessary support, and has not provided for her in accordance with his means and ability and in the manner to which she was entitled in accordance with her station in life. He has at all times been very cross and abusive to plaintiff, and has cursed her repeatedly. All of which was more than plaintiff could stand; and she was forced, out of self-respect and out of consideration for her minor children, to separate from him. Plaintiff had used caution to try to keep it a secret from other members of the family of the conduct of defendant in his association with the woman as set out above, but it became so generally known that even her small children were told it in school.'" In *Poythress* v. *Poythress*, 213 *Ga.* 882, 883 (102 S. E. 2d 607) it was held that, "Upon a trial for divorce brought by the wife upon the ground of cruel treatment, it is proper to allege and prove the unconventional association of the husband with a named woman. *Brinson* v. *Brinson*, 201 *Ga.* 540 (40 S. E. 2d 535)."

All of the allegations in the stricken paragraph related to the grounds for divorce—habitual intoxication and cruel treatment—particularly where the petition charges continuous acts of cruelty and intoxication over a period of years. The specific instances of alleged misconduct on the part of the husband, being a part of the grounds for a divorce, were relevant, material, and of probative value when supported by evidence.

The court having erred in its ruling on the special demurrers, it follows that the court erred in dismissing the petition.

*Judgment reversed. All the Justices concur, except Mobley, J., disqualified.*