21990.  BYCK v. LAWTON et al.

ARGUED MARCH 12, 1963—DECIDED APRIL 16, 1963—
REHEARING DENIED MAY 13, 1963.

*Aaron Kravitch, Sylvan A. Garfunkel,* for plaintiff in error.

*Richardson, Jones & Doremus, Richardson & Doremus,* contra.

MOBLEY, Justice. ■ (a) We first consider the questions presented by defendant's demurrers to plaintiffs' replication to defendant's cross-bill. Defendant demurs generally to the replication as a whole on the grounds that it fails to set up an issuable defense, attempts to raise questions already adjudicated adversely to plaintiffs by this court, and fails to set forth facts to meet the previous decision of this court. The replication denies certain paragraphs of the cross-bill relating to the value of the property here in question. For this reason alone it sets up an issuable defense and raises a question not previously adjudicated by this court, and the court therefore did not err in overruling the three grounds of general demurrer to the replication as a whole. *Fraser v. Jarrett,* 153 Ga. 441, 442 (5) (112 SE 487); *Tietjen v. Meldrim,* 169 Ga. 678 (1) (151 SE 349); *Cherry v. Cherry,* 208 Ga. 213, 215 (1) (65 SE2d 805). Further, the cross-bill alleges that the defendant in good faith verily believed that plaintiffs were owners of the property listed in the option and the replication denies this allegation and sets forth facts tending to show that defendant did not in good faith believe that plaintiffs were the owners of the property listed in the option but had actual and constructive knowledge that the plaintiffs did not own the 6 acres, the value of which is here in dispute. Defendant insists that by these allegations in the replication the plaintiffs are attempting to relitigate the questions of fraud and mutual mistake which were adjudicated adversely to them on the previous appearance of this case in *Lawton v. Byck,* 217 Ga. 676 (124 SE2d 369), and that the law of the case as established by the judgment of this court in that case precludes plaintiffs from so doing. We cannot agree with de-

fendant on this point. All that the decision in *Lawton v. Byck*, supra, established by affirming the trial court's judgment sustaining general demurrers to plaintiffs' petition was that the petition set forth no reason sufficient in law to avoid the option. That decision made no adjudication with reference to the right of the defendant to maintain by way of cross-bill his action seeking specific performance of the option. "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust, or against good conscience." *Williams v. Hudgens*, 217 Ga. 706, 710 (4) (124 SE2d 746); *Code* § 37-805. It is axiomatic that one who seeks the aid of a court of equity must come into court with clean hands. See *Griffith v. City of Hapeville*, 182 Ga. 333 (2) (185 SE 522). The allegations of the replication in denial of the allegation in the cross-bill of defendant's good faith are not subject to the general demurrers as they relate to the question of whether or not it would be strictly equitable and just for equity to grant specific performance.

(b) Defendant specially demurred to a certain paragraph of the replication on the ground that it was vague, ambiguous, and indefinite, and to another paragraph on the ground that the allegations therein were irrelevant and immaterial to the issues in the case. A special demurrer being a critic must itself be free from criticism. These grounds of special demurrer which fail to point out wherein or how the allegations are subject to the criticisms advanced are themselves subject to the criticism that they are too vague and indefinite and therefore raise no question for decision by this court. *Veal v. Beall*, 189 Ga. 31 (2) (5 SE2d 5). The trial court did not err in overruling the sixth ground of demurrer, a ground of special demurrer, as to paragraphs 12 through 21 and paragraph 23 of the replication for the reasons given in Subdivision (a) above. No assignment of error is before this court as to the sustaining of the sixth ground of demurrer to paragraph 22 of the replication.

■ Since special grounds 1, 2, 3, 9 and 11 of the amended motion for new trial are controlled by a single principle of law, they may be conveniently dealt with in one division of this opinion. Special ground 1 complains of the trial court's charging as contentions of the plaintiffs 11 paragraphs of the plaintiffs' replication, including paragraph 22 which was stricken by the sustaining of defendant's special demurrer number 6 as to that paragraph, the substance of these paragraphs being that Sylvan A. Garfunkel as attorney for and as partner of the defendant prepared the option and included therein 6 acres of tract C-3 with knowledge that the plaintiffs did not own them and could not convey them, paragraph 22 concluding that this constituted "actual fraud perpetrated upon the plaintiffs." Special grounds 2 and 3 complain of the court's charging that if the defendant through his agent knew of the plaintiffs' lack of title to a portion of tract C-3 but wilfully and intentionally included it in the option contract drawn by him through his agent, he could not take advantage of this deficiency in acreage. Special ground 9, an amplification of the general grounds, complains that the verdict is contrary to the law and evidence in that there was no evidence of an emergency or condition authorizing the plaintiffs to rely on the alleged fraudulent representations of defendant. Special ground 11 complains of the admission of testimony as to mutual mistake.

Each of these grounds relates either to the question of whether or not specific performance of the option contract should be decreed or to whether or not there should be a reduction in the purchase price; none relates to the question of the amount of such reduction in purchase price in the event the jury should find for specific performance and for a reduction in purchase price. Since the trial court directed the jury to find for specific performance and the jury found the defendant entitled to a reduction in purchase price, the defendant is the prevailing party on these issues and could not have been harmed by the rulings of the trial court with respect to the above-enumerated grounds of his amended motion for new trial. *Harrison v. Hester,* 160 Ga. 865 (3) (129 SE 528); *Holcombe v. Jones,* 197 Ga. 825, 826 (3) (30 SE2d 903); *Avary v. Avary,* 202 Ga. 22 (1) (41 SE2d

314); *McKenney v. Woodbury Banking Co.*, 208 Ga. 616 (2) (68 SE2d 571).

■ The fourth special ground of the amended motion complains of the trial court's charging the jury that if they found for a reduction in the purchase price, the form of their verdict should be, "We, the jury, find for the specific performance of the contract, and the sum to be paid shall be so many dollars," on the ground that by that charge the jury was told to find the value of the property which *could* be delivered, while the true issue was the value of the property which *could not* be delivered. *Code* § 37-806. The jury asked for a recharge on the subject of the form of its verdict and the court instructed them to disregard the form it had previously given them because it might be subject to some misunderstanding, and instructed them that if they found for a reduction in purchase price, the form of their verdict would be, " 'We, the jury, find in favor of the specific performance of the contract. We further find that the purchase price should be reduced by the sum of blank dollars,' whatever amount you find the value of that property to be that has been lost due to a defect in the title." The ground is not meritorious, as the court gave the correct form of the verdict to the jury on recharge and specifically admonished the jury to disregard the former charge on the ground that the form of the verdict suggested thereby might be subject to some misunderstanding. *Central of Ga. R. Co. v. Ray*, 133 Ga. 126 (1) (65 SE 281); *Chauncey v. Barlow*, 166 Ga. 156 (3) (142 SE 673); *Lubeck v. Dotson*, 192 Ga. 258 (1) (15 SE2d 205); *Davis v. Guffey*, 196 Ga. 816, 817 (27 SE2d 689); *Poythress v. Poythress*, 213 Ga. 882, 884 (6) (102 SE2d 607); *Seaboard Air Line R. Co. v. Taylor*, 214 Ga. 212, 219 (11) (104 SE2d 106). The court properly overruled this ground.

■ Special grounds 5, 6, and 7 of the amended motion complain of the failure of the trial court to give certain written requests to charge, and special ground 8 complains of the court's failure to charge certain matters without request. Before this court can rule that a certain charge should have been given, it must ascertain whether the evidence would authorize the giving of the charge, as it is error to give a charge which is not au-

thorized by the evidence. *Bethune v. McCrary,* 8 Ga. 114 (2);
*Betts v. State,* 157 Ga. 844 (3) (122 SE 551); *Martin v. Smith,*
211 Ga. 600, 605 (3) (87 SE2d 406). A ground of a motion for
new trial which requires a consideration of the evidence must
either set forth the evidence relied upon or point out where in
the record such evidence may be found. *Code Ann.* § 6-901;
*Maxwell v. Hollis,* 214 Ga. 358 (1) (104 SE2d 893). Since the
above-mentioned grounds neither set forth the evidence which
would have authorized the giving of the charges nor specify
where in the record it may be found, they are not in proper
form, are incomplete and insufficient to raise any question for
decision. *Maxwell v. Hollis,* 214 Ga. 358 (1), supra; *Singleton
v. Singleton,* 202 Ga. 269, 270 (4) (42 SE2d 737); *Martin v.
Smith,* 211 Ga. 600, 605 (3), supra; *Hodges v. Gay,* 100 Ga.
App. 210 (1) (110 SE2d 570); *King v. Mayor &c. of Savannah,*
105 Ga. App. 701, 702 (3) (125 SE2d 552).

■ There is no merit in special ground 10 which complains of
the refusal of the trial court to restrict the case to one issue,
the value of the 6 acres not owned by plaintiffs, as the issue of
whether the optionee was entitled to have the option specifically
performed was an issue for the jury's determination.

■ We now reach the general grounds. While there was
evidence that the portion of the tract which could not be con-
veyed was more valuable than the portion that could be con-
veyed, that the portion which could not be conveyed was sold
in 1960 for $15,000 and this was a fair price for it, there was
also evidence that all of the land in the tract was of the same
relative value, that the purchase price was to have been $23,000
for the entire parcel of about 55 acres, and that the portion of
the parcel which plaintiff was unable to convey was about 6
acres. There being therefore some evidence to support the
verdict of the jury that the purchase price should be reduced
by the amount of $2,588, we must affirm the trial court's denial
of the general grounds of the motion for new trial. *Adler v.
Adler,* 207 Ga. 394, 405 (7) (61 SE2d 824).

*Judgment affirmed. All the Justices concur.*