## S04F1553. POPHAM v. POPHAM.
### (607 SE2d 575)

SEARS, Presiding Justice.

Appellant Gary Popham appeals the denial of his motion for new trial in this divorce case. Having reviewed the record, we conclude there is no merit to appellant's claims that the trial court erred in making various evidentiary rulings. There being no merit to appellant's other contentions, we affirm.

Appellee Eleanor Popham filed a petition for divorce against appellant, alleging cruel treatment and that the marriage was irretrievably broken. The case was tried before a jury, and the jury's verdict was incorporated into the final judgment and decree. Appellee wife was awarded alimony until May 2008 in the amount of $1,500 per month; several parcels of real estate; an investment account; an IRA; and other items of personalty. Appellant husband was awarded several parcels of real estate; a cabin; all interest in a business; two insurance policies; certain investment accounts; and other items of personalty. Appellant sought a judgment notwithstanding the verdict, or — alternatively — a new trial. After both requests were denied, appellant filed a timely application to appeal, which was granted pursuant to the Family Law Pilot Project.[1]

1. The trial court did not err in admitting limited evidence concerning appellant's use of the prescription medicine Viagra, commonly used to treat erectile dysfunction. Among other allegations, appellee claimed that appellant used Viagra in connection with

---

[1] See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

several extramarital sexual relationships occurring both before and after the couple separated. In domestic relations cases, a party may seek to prove sexual misconduct through the introduction of circumstantial evidence.[2] Evidence is relevant if it logically tends to prove or disprove a material fact at issue in a case, and every act that tends to throw light upon a material fact or issue is relevant.[3] Because the evidence concerning appellant's use of Viagra was relevant to appellee's claims of marital infidelity, it follows that the trial court did not err in allowing appellee to question appellant about why he sought Viagra from his physician and what condition he needed assistance with.[4]

2. The trial court did not err in permitting appellee to introduce evidence concerning an extramarital affair appellant participated in 14 years before the divorce was granted. The evidence was admissible to support appellee's complaint of cruel treatment,[5] and also served to impeach appellant's deposition testimony, in which he denied having an extramarital affair.

3. The trial court did not err by permitting appellee's financial expert to refer to certain securities when testifying about the methodology he used to place a fair market value on appellant's business. The expert testified that the capitalization method is a generally accepted means of placing a value on a business, and stated that one of the capitalization method's components involves the consideration of the rate of return and the risk factors connected with a closely-held corporation as compared to the rate of a Certificate of Deposit or the yield on a Treasury Bill. The facts upon which an expert bases his or her opinion are admissible on either direct or cross-examination, and such bases go to the weight given the testimony by the jury, rather than to its admissibility.[6]

4. We have considered appellant's other arguments, and conclude they are wholly without merit.[7]

*Judgment affirmed. All the Justices concur.*

---

[2] *Hathcock v. Hathcock*, 249 Ga. 74, 75 (287 SE2d 19) (1982).

[3] *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981).

[4] The record does not support appellant's claim that the trial court prevented him from reading into the record relevant portions of his deposition testimony concerning his use of Viagra.

[5] See *Jackson v. Jackson*, 214 Ga. 619, 621 (106 SE2d 783) (1959).

[6] *State Hwy. Dept. v. Howard*, 119 Ga. App. 298, 303 (167 SE2d 177) (1969). Contrary to appellant's argument, the trial court did not rule that his age was irrelevant to the value of his business or to the case in general.

[7] These include claims that the trial court gave an improper or under-inclusive charge on separate property, and that there was an improper relationship between appellee's counsel and the jury foreman.

DECIDED JANUARY 10, 2005.

*James A. Satcher, Jr.*, for appellant.
*Frank H. Jones*, for appellee.